## 53874. MEEKS v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted by a jury of the sale of approximately one ounce of marijuana to a person who turned out to be an undercover agent. He was sentenced by the trial judge to four years in the penitentiary.

This appeal raises the single basic question of whether such a sentence may be voided by the appellate court because it constitutes a denial of the defendant's right to equal protection of the laws if it is proved that persons pleading not guilty and tried by a jury are shown to regularly receive greater sentences than those who plead guilty after plea bargaining, all sentences being within the statutory range. Attacks on the ground of excessiveness under similar conditions have been held not only unavailing but the sentence itself has been deemed nonreviewable. *Baldwin v. State,* 75 Ga. 482 (2); *McCollum v. State,* 119 Ga. 308 (3) (46 SE 413); *Beddingfield v. State,* 13 Ga. App. 623 (79 SE 581); *Tucker v. State,* 131 Ga. App. 791 (2) (207 SE2d 211). The equal protection issue has not, however, been directly raised in this state so far as we can determine. Under Code Ann. § 27-2537(c)(3) the Supreme Court is charged with reviewing cases where the death penalty has been inflicted to determine, among other things, whether it was disproportionate to penalties imposed in similar cases. In *Moore v. State,* 233 Ga. 861 (213 SE2d 829) where the death penalty was imposed following a plea of guilty the equal protection argument was put forward but rejected by the court which, however, reiterated that an unguided discretion which does not produce evenhanded justice is to be condemned, but still felt that no cause was shown to set aside the court's discretionary action. *Jones v. State,* 219 Ga. 848, 856 (136 SE2d 358) rejected without comment the argument that a sentence within the statutory range could be set aside as violative of constitutional provisions for due process of law and a fair and impartial trial. (Code § 2-203 provides: "Protection to person and property is the paramount duty of government, and shall be impartial and complete"; Code § 2-111 provides for trial "by an impartial jury"). *Jackson v.*

*Lowry,* 171 Ga. 349, 350 (155 SE 466) affirms that one who pleads guilty is to be subjected to precisely the same punishment as if he were tried and found guilty by verdict. Except for recent statutory provisions for court review of cases where the death sentence is inflicted and Code Ann. § 27-2511.1 allowing review of sentences which total five years or more, there is no statutory framework within which to protest any sentence which is not greater than the time fixed by law.

The defendant here established in a post-sentencing hearing that the trial judge as well as the district attorney were well disposed to plea bargaining, from which fact a number of guilty pleas resulted. Records introduced in evidence to support the statement of defense counsel as follows: "Your Honor, I've searched the records of this court for the past year, starting with January 1st, 1976, and I've determined that during that period of time [up to but not including the sentence here under attack] there were fifteen cases which were exclusively involved with selling marijuana to an individual. All of them involved undercover agents. In those cases, out of the fifteen, thirteen pled guilty. Of the thirteen, twelve were sentenced to one year and one was given a probated sentence. The two other individuals that exercised their right to a trial by jury were both sentenced by this court to four years." It further appears that the judge who tried the defendant's case presided in or disposed of all the above mentioned cases but one, that being one of the group where a one year sentence was entered following a guilty plea.

It is certainly a plausible explanation of these statistics that guilty pleas are encouraged in this type of drug case by means of an unbroken procedure of rewarding guilty pleas with a minimum sentence and penalizing not guilty pleas followed by convictions with the maximum number of years short of that which may be reviewed by a three judge bench. We cannot say that no special mitigating circumstances appeared in the cases involving guilty pleas. In this one, however, there is neither matter of mitigation or aggravation, and the defendant was not shown to have had any previous contact with traffic in drugs. The evidence on the trial

shows only a credibility issue: two undercover agents testified that the defendant was at the nightclub in question while the defendant and a friend of his testified that he was not. The amount involved was small, and was not originally offered for sale but was sold to the female agent at her request.

The federal courts have frequently spoken up on the noxious effects of coercing guilty pleas by dangling the reward of a lesser sentence before the accused. "Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence. Such standards are not satisfied merely by observance of those minimal historic safeguards for securing trial by reason which are summarized as 'due process of law' and below which we reach what is really trial by force." McNabb v. United States, 318 U. S. 332, 340, quoted in Thomas v. United States, 368 F2d 941, where it was held that when the defendant received a harsher punishment than the court would have decreed had he waived his Fifth Amendment rights by pleading guilty as requested "he paid a judicially imposed penalty for exercising his constitutionally guaranteed rights." In Baker v. United States, 412 F2d 1069, 1973, it was flatly stated that "[a]n accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty." "Our part in the administration of federal justice requires that we reject the theory that a person may be punished because in good faith he defends himself when charged with a crime, even though his effort proves unsuccessful." United States v. Wiley, 278 F2d 500, and see United States v. Martell, 335 F2d 764; Scott v. United States, 419 F2d 264; United States v. Marzette, 485 F2d 207; United States v. Derrick, 519 F2d 1.

Sentencing is a part of the trial process. We strongly agree with counsel for the appellant who, in an excellent brief, points out that no right is more firmly guaranteed to citizens of a free country than a fair and impartial trial when accused of law violation, and no practice more to be abhorred than coercion of guilty pleas by a system of threats and promises, whether these be explicit or implied

through a course of action.

"When Justice Frankfurter took his place on the Supreme Court, his approach was called by one source a compact eight-fold design that included 'scientific realism, evolution, ethical idealism, sociological integralism, creative activism, experimentalism, personalism, and democratic humanism.' "[1] While we do not agree with all of the isms of Justice Felix Frankfurter, I do concur with his seeking to balance the so-called absolutes of preferred freedoms. Where the irresistible force of the rights of one collides with the immovable rock of the freedoms of others a touch of pragmatic equity using the standard "as good a test as I know of the significance of an opinion is to contemplate the consequences of its opposite"[2] might be in order. Consideration must also be given to the rights of the others who pled guilty because if the trial judge sentenced all who pled, and those who demanded a trial, to four years each, all would demand a trial and the "speedy trial" rights could be in jeopardy.

In view of the considered Supreme Court decisions on the nonreviewability of sentences within the statutory range, and the present legislative concepts of permitting review only when the sentence imposed is five years or more, this court has no authority to overturn the sentence in the present case.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED MAY 4, 1977 — DECIDED MAY 13, 1977 —
REHEARING DENIED MAY 31, 1977 — ▮▮▮▮▮▮▮

Douglas Meeks, *pro se.*
*George C. Rosenzweig,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.

---

[1] Moses J. Aronson, "The Juristic Thought of Mr. Justice Frankfurter," Journal of Social Philosophy, (January, 1940), 153.

[2] Felix Frankfurter, Helen Shirley Thomas, John Hopkins Press, 1960, p. 240.