## 56675. WALKER v. THE STATE.

BANKE, Judge.

The appellant and two co-defendants were convicted of aggravated assault after inflicting severe knife wounds on the victim in this case. The two co-defendants entered guilty pleas and received sentences of twelve months and four years, respectively. The appellant chose to be tried by a jury and, upon being found guilty, was sentenced to seven years in the penitentiary, followed by three years on probation. He appeals, contending that he was penalized for exercising his constitutional right to trial by jury. *Held:*

1. "An accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty." Baker v. United States, 412 F2d 1069, 1073 (5th Cir., 1969), as quoted in *Meeks v. State,* 142 Ga. App. 452, 454 (236 SE2d 119) (1977). However, here, as in *Meeks,* it has not been shown that the severity of the appellant's sentence resulted from his decision to stand trial rather than to plead guilty. The only showing made by the appellant in this regard consisted of evidence that his two co-defendants received lesser sentences and that two defendants in unrelated aggravated assault cases who had entered guilty pleas before the same judge had received probated sentences. None of the circumstances surrounding the latter two convictions were indicated, and we are thus unable to compare them with the appellant's case. As for the disparity between the appellant's sentences and those of his co-defendants, the trial judge was undoubtedly influenced by evidence that it was the appellant who had actually inflicted the knife wounds on the victim, with his two companions merely serving as accomplices. Furthermore, there was a great disparity between the sentences of the two co-defendants themselves, indicating that the trial judge did not consider their decision to enter a guilty plea to be a controlling factor in passing sentence. The first enumeration of error is without merit.

2. The appellant contends that his character was improperly placed in issue when a witness was allowed to

testify that he was instructed by the appellant "to go down to the Satilla River to find something . . . to locate something . . . the pot." This witness further testified that when he went to find the pot, he discovered a knife at the same location. Even if this could somehow be construed as evidence of bad character, it was relevant and material to connect the appellant with the discovery of the knife. "Evidence, if otherwise admissible, does not become inadmissible because it incidentally put the appellant's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744) (1962), cert. den. 375 U. S. 960 (1963)." *Spencer v. State,* 236 Ga. 697 (4b) (224 SE2d 910) (1976).

3. The trial court did not err in refusing to admit as part of the res gestae an account of a statement made by one of the co-defendants at some undetermined time on the night of the assault in which he allegedly admitted that it was he rather than the appellant who had done the knifing.

Statements may not be considered part of the res gestae unless it is shown "that they accompanied the act or were so nearly connected therewith in time as to be free from the suspicion of device or afterthought." *Lyles v. State,* 130 Ga. 294 (3) (60 SE 578) (1908). See *Cobb v. State,* 11 Ga. App. 52 (5) (74 SE 702) (1912); 11 EGL 365, Evidence, § 120.

4. It is alleged that the trial judge erred in hearing evidence of a confession taken from the defendant after the defendant had requested an attorney, despite the fact that the judge did not allow this evidence to go to the jury. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED DECEMBER 5, 1978.

*Carroll Russell,* for appellant.
*Dewey Hayes, District Attorney, Harry D. Dixon, Jr., Deen C. Strickland, Assistant District Attorney,* for appellee.