## 57205. YOUNG v. THE STATE.

BIRDSONG, Judge.

Lawrence Young was convicted of armed robbery and sentenced to serve ten years. He brings this appeal enumerating ten alleged errors. *Held:*

1. Appellant has expressly abandoned enumerations 4 and 7; consequently, these are not before us for consideration.

2. Appellant moved for a new trial on various grounds as well as for a new trial on extraordinary grounds. For the reasons hereinafter enunciated in the succeeding divisions of this opinion and which deal with the same enumerations that are set forth in the motion for new trial, we find no error in the denial of the motion for new trial.

In his motion for new trial based on newly discovered evidence, we likewise find no error. Appellant extensively argued and presented evidence that allowed an inference that the defendant was a customer of the victim of the robbery in a drug business and that the alleged robbery was a nonexistent frame-up. The victim denied knowing

the appellant prior to the robbery or being involved in the drug business. After trial, appellant obtained disputed evidence that the victim was known to police officers (who testified to the contrary at trial) as a drug dealer and informer.

The trial court did not err in denying the motion for new trial on these grounds. We are not satisfied that the evidence, if true and available, is so material that it probably would produce a different result; that it is not cumulative only, or that its effect does not simply tend to impeach the credit of witnesses for the state. Under such circumstances, it is not error to refuse to grant a new trial on grounds of newly discovered evidence. *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357); *Dansby v. State,* 140 Ga. App. 104, 106 (230 SE2d 64); *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326). These enumerations are without merit.

3. Appellant urges in his third enumeration of error that the trial court erred in denying him bond prior to trial. He contended that this denied him the freedom to locate and interview defense witnesses. In view of this argument, the trial court allowed appellant and his counsel to go to the area where the witnesses were ostensibly located. Appellant was able to locate and subpoena several of these witnesses. We find no error in the denial of bond in an armed robbery case where the trial court held a hearing and fully considered the request prior to denying the motion. *Harris v. Hopper,* 236 Ga. 389, 390 (224 SE2d 1); *Mooney v. State,* 146 Ga. App. 390, 391 (246 SE2d 328). Moreover, we do not find a denial of due process in view of the lengths to which the trial court went to afford appellant the opportunity to secure his witnesses. This enumeration likewise is without merit.

4. In the fourth enumeration of error, Young argues that the prosecutor was guilty of misconduct when after the defendant Young completed his testimony, the prosecutor declined to cross examine with the comment that Young had heard all the witnesses testify. Upon objection, the trial court informed the jury that the comment was stricken. He later charged the jury to disregard all evidence that had been stricken.

We do not view this comment with the same degree of

alarm as viewed by the defense. The prosecutor made nothing more than an observation that was obvious to all. The trial court later charged upon the right of the defendant to be present at all proceedings of the trial and to cross examine all witnesses. The court also charged upon, and in the usual language, the principles of credibility of witnesses. While appellant entered an objection at the time the comment was made, followed by the corrective action by the court, appellant did not move for a mistrial until later during the trial.

A sustained objection to an improper remark made by counsel without a motion for mistrial, will not constitute grounds for reversal. *Grice v. State,* 224 Ga. 376 (162 SE2d 432); *Moore v. State,* 222 Ga. 748 (6) (152 SE2d 570). When an objection made to remarks made by counsel is sustained and instructions to disregard the statements are given, a grant of mistrial is not demanded. *Lenear v. State,* 239 Ga. 617, 619 (12, 13) (238 SE2d 407); *Gunter v. State,* 223 Ga. 290 (3) (154 SE2d 608). Moreover, where a motion for mistrial is not made contemporaneously with the alleged prejudicial act and not reserved with consent of the trial court, but is eventually made only after the conclusion of the evidence, it is not timely and will be considered as having been waived because of the delay in making the motion. *Favors v. State,* 145 Ga. App. 864, 867 (4) (244 SE2d 902); *Barreto v. State,* 123 Ga. App. 117, 118 (179 SE2d 650). In view of the corrective action taken by the trial court and the untimeliness of the ultimate motion for new trial, this enumeration is without merit.

5. In his sixth enumeration of error, appellant complains that the trial court erred in failing to give a requested charge relating to the asserted prosecutorial misconduct discussed in Division 4 above.

As indicated, we do not view the comment as one fraught with harm. Moreover, the trial court did charge the jury upon the principal portions of the requested charge, but not in the exact language requested. It has long been the law of this state that failure to charge in the exact language requested, where the charge given substantially covered the same principles, is not error. *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365);

*Leutner v. State*, 235 Ga. 77, 81 (218 SE2d 820). There is no merit in this enumeration.

6. In the eighth enumeration of error, appellant urges that the trial court erred in charging upon flight, not in the contents of that charge, but that the evidence did not raise such a charge. The evidence reflected that after the robbery, appellant left the scene. Later when he was being sought at his residence, he was seen attempting, or apparently attempting to flee by escaping from a rear window while the police were at his front door. Such evidence clearly authorized the charge. *Welborn v. State*, 236 Ga. 319 (223 SE2d 698); *Holsey v. State*, 235 Ga. 270 (219 SE2d 374). There is no merit in this enumeration.

7. Lastly, appellant urges error in the failure of the trial court to charge that the arguments of counsel, while not evidence, have persuasive value, and that the jury should consider the quality and kinds of evidence, there being oral, documentary, direct and circumstantial evidence in the case. Without considering the propriety of such charges, we find no error in the failure of the court to charge upon these matters. The record does not disclose any requests for such charges. In the absence of a written request for such charges, the failure to give them is without error. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354); *Van Voltenburg v. State*, 138 Ga. App. 628, 631 (3) (227 SE2d 451).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 7, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979.

*Paul S. Weiner*, for appellant.
*Robert E. Keller*, District Attorney, *Michael D. Anderson*, Assistant District Attorney, for appellee.