## 61445. CAMPBELL et al. v. THE STATE.

SOGNIER, Judge.

Appellants Larry Campbell and Kress Phillips were convicted of voluntary manslaughter. They appeal (1) on the general grounds and also contend the trial court erred (2) by admitting a statement of Phillips, not made in the presence of Campbell, which placed Campbell's character in issue; and (3) by denying all of appellants' written requests to charge.

1. Furman Berry was found dead in front of his home. He had been beaten severely, and his injuries included an ear torn in half; a brain hemorrhage; all ribs fractured and pushed in; lungs bruised and hemorrhaged; plus other bruises, abrasions and lacerations over his entire face and body. The cause of death was a "stoved in chest" combined with other multiple injuries. The injuries were consistent with being "stomped" to death.

Both appellants testified they were at the home of Raymond Berry and his brother, the victim. Both appellants testified, in essence, to a drunken afternoon, with minor arguments; both denied striking, falling on or kicking the victim, although Campbell acknowledged pushing the victim, who was jabbing at Campbell with a butcher knife. Both testified that on one occasion Raymond Berry hit the victim and knocked him down, causing the victim to have a bloody nose.

Bloodstains of the victim's blood type were found on the clothing and boots of the defendants; Phillips had a knife in his possession when arrested with blood of the same type as the victim on the blade. The knife belonged to Larry Campbell.

Phillips made a written statement to police denying any involvement on his part, but implicating Campbell in the beating of the victim.

Although circumstantial, we find the evidence sufficient to support the findings of the jury. Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of both appellants' guilt beyond reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellants contend it was error to admit Phillips' pretrial statement in evidence as it was not made in Campbell's presence and thus, was hearsay; further, that it improperly placed Campbell's character in issue by referring to his theft of a license plate.

Although appellant Campbell contends the statement of Phillips was inadmissible as hearsay, the Supreme Court of the United States has held that the Sixth Amendment to the [U. S.] Constitution is violated *only* when the out-of-court hearsay

statement is that of a declarant who is unavailable at trial for full and effective cross-examination. Nelson v. O'Neal, 402 U. S. 622 (91 SC 1723, 29 LE2d 222) (1971). In Nelson the court went on to hold that where a co-defendant takes the stand and denies making an alleged out-of-court statement implicating the other defendant, and proceeds to testify favorably to his co-defendant, that defendant has been denied no rights protected by the Sixth and Fourteenth Amendments to the U. S. Constitution. Although Phillips did not deny making the statement, he would neither affirm nor deny those portions of the statement implicating Campbell, and proceeded to testify favorably to Campbell. Further, although it was not necessary to do so, the trial court, in an abundance of caution, charged the jury that Phillips' statement could not be considered as evidence against Campbell. Thus, it was not error to admit Phillips' statement.

Appellants contend, however, that Phillips' statement placed Campbell's character in evidence and was inadmissible for this reason. Phillips' statement disclosed that prior to going to the Berry's home, he and Campbell went to a service station to pick up Campbell's car. While there, Campbell started taking the tag (license plate) off a taxi parked at the service station. However, he stopped and thereafter, Phillips removed the license plate from the taxi and threw it into Campbell's truck. Appellants contend this portion of the statement showed the attempted theft of a license plate by Campbell and thus, erroneously placed .his character in issue. Assuming, without deciding, that Phillips' statement placed Campbell's character in evidence, we find any error to be harmless, "because it cannot be said that it is highly probable that this irrelevant evidence contributed to the conviction . . ." *Hodge v. State,* 239 Ga. 612, 613 (2) (238 SE2d 404) (1977).

3. Lastly, appellants contend the trial court erred in refusing to give their 11 requests to charge. However, the transcript discloses no requests to charge by appellants. The amended motion for a new trial contains an Exhibit A, which consists of 10 written requests to charge; however, two of the requests are lined out, and there is no indication that such requests were ever submitted to the trial judge for consideration prior to his charge to the jury. "In the absence of a written request for such charges, the failure to give them is without error. [Cit.]" *Young v. State,* 149 Ga. App. 533, 536 (7) (254 SE2d 749) (1979). Even assuming the requests were submitted to the trial court, an examination of the requests, together with the actual charge to the jury, indicates that the subject matter of the requests was covered properly and fully by the trial court. *Bradham v. State,* 148 Ga. App. 89, 95 (9) (250 SE2d 801) (1978). Accordingly, failure to give any of the requested charges was not error.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided May 22, 1981.

James R. Venable, J. W. Claxton, for appellants.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jack Mallard, Margaret V. Lines, Assistant District Attorneys, for appellee.