63710. ARNOLD v. THE STATE.

POPE, Judge.

Tommy Lee Arnold was declared an habitual violator on February 27, 1978. On November 14, 1980 an officer of the DeKalb County Police Department stopped Arnold and arrested him for driving with ability impaired by alcohol (DUI). Arnold was also cited for operating a motor vehicle after revocation of his license as an habitual violator. Arnold consented to and was given a breath test. The results of the breath test showed his blood alcohol content as 0.10 grams percent which led to a legal presumption of intoxication under Code Ann. § 68A-902.1(b)(3). Arnold was acquitted of driving without a license but convicted of driving with ability impaired by alcohol; he was sentenced to a term of 12 months in the penitentiary. He now appeals the conviction and sentence on several enumerations of error.

1. Arnold contends that the trial court improperly denied his motion to suppress the results of his breath test. This court has ruled in *State v. Sanders,* 154 Ga. App. 305 (267 SE2d 906) (1980), that a

motion to suppress does not lie to suppress the results of a breath test because breath is not tangible evidence. However, in *State v. Johnston,* 160 Ga. App. 71, 73 (286 SE2d 47) (1981), this court held: "[T]he results of an intoximeter test, if improperly obtained, are subject to a motion to suppress or alternatively subject to an objection at the time the evidence is offered."

The evidence in this case is not sufficient to support Arnold's motion to suppress. The results of the intoximeter test were not improperly obtained. The arresting officer advised Arnold of his right to independent tests of blood, urine and other bodily substances. Arnold consented to a breath test, and the test was administered by a trained evidence technician with a license to operate a breath testing machine. The technician followed all required steps so as to obtain a correct test result. She first ran a standard test to clear the machine of all the alcohol from the previous test. She then ran another standard test to ensure that the machine was working properly, and she then proceeded to administer the test to Arnold. Neither does the evidence support Arnold's contention that the test was not timely administered. The test was administered with no unnecessary delays.

The technician testified that the breath machines are checked periodically by the Department of Public Safety and that if she had any problems with a machine she would call her supervisor. She had no problems with the machine when testing Arnold. Thus, the trial court did not err in denying Arnold's motion to suppress the results of his breath test.

2. Arnold contends that the trial court erred by allowing a witness to testify for the state who was not on the list of witnesses provided, and by admitting the records of the Department of Public Safety over objection. Here, the witness was introduced only to authenticate Arnold's driving records. Although he was not listed as a witness to testify, he was the present custodian of the records for the Department of Public Safety, the witness originally listed having been reassigned by the department. In a nearly identical situation this court has resolved this issue adversely to Arnold and allowed substitution of a witness when the witness was merely a custodian of records. *Clark v. State,* 138 Ga. App. 266 (226 SE2d 89) (1976).

Arnold's driving record was admitted only for the purpose of showing that he had been declared an habitual violator. Since he was acquitted on the charge relating to his status as an habitual violator, Arnold was not harmed thereby.

3. Arnold contends that there was insufficient evidence to convict him upon the charge relating to his status as an habitual violator. The jury found him not guilty of this charge; therefore, the

issue is moot.

4. Arnold contends that the trial court failed to give a charge on entrapment. However, there was no evidence whatsoever that Arnold had been entrapped. Therefore, such a charge was not necessary. *White v. State,* 230 Ga. 327 (196 SE2d 849) (1973); *Howell v. State,* 157 Ga. App. 451 (278 SE2d 43) (1981).

Appellant also contends that the trial court erred in failing to charge the jury on intent. The court's charge to the jury should be considered as a whole. *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856) (1974). When viewed as a whole we find it to be a full and fair charge covering all the issues. Moreover, there was no request for a charge on intent. This court has held that where there has been no written request to charge, failure to give the charge is not error. *Campbell v. State,* 158 Ga. App. 616 (3) (281 SE2d 352) (1981); *Young v. State,* 149 Ga. App. 533, 536 (254 SE2d 749) (1979).

5. Arnold's next contention is that the trial court erred by imposing a sentence of straight time after he had been offered a probated sentence for a plea of guilty. Code Ann. §§ 27-2502 and 27-2503(a) provide that a trial judge may sentence a defendant to any specific amount of time within the limits provided by the legislature. Arnold's sentence of twelve months to serve is within the statutory limits for DUI. Code Ann. § 68A-902(c). It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea. *Meeks v. State,* 142 Ga. App. 452 (236 SE2d 119) (1977). This enumeration of error is therefore without merit.

6. Lastly Arnold contends that the trial court erred by wrongfully forwarding his habitual violator probationary license to the Department of Public Safety due to the fact that a supersedeas had been issued. A supersedeas is an auxiliary process designed to supersede enforcement of a trial court's judgment brought up for review, and its application is limited to the judgment from which an appeal is taken. Black's Law Dictionary 1607 (4th ed. 1968). In this case the trial court's judgment consisted of a conviction of DUI and a twelve-month sentence to serve. The court did not order that appellant's license be taken away but in so doing was merely acting in compliance with Code Ann. § 68B-308(e)(6)(B) which *requires* the court to forward a probationary license to the Department of Public Safety within ten days after any probationary licensee has been convicted of violating any state law or local ordinance relating to the movement of vehicles. Therefore, the supersedeas in this case did not act to stay the delivery of Arnold's license to the Department of Public Safety, and the trial court did not err in so forwarding it.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 15, 1982.

*Robert T. Efurd, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.