## 72218. HIERS v. THE STATE.
(345 SE2d 900)

McMurray, Presiding Judge.

The defendant was convicted of aggravated assault upon Albert Wesley Allen, Jr. However, he was acquitted of the charge of aggravated assault upon Sidney Steven Roberts. Defendant was sentenced to serve 8 years in prison and this appeal followed. *Held*:

1. In his first enumeration of error the defendant argues the general grounds.

The evidence adduced at trial, when viewed in the light most favorable to upholding the jury's verdict, showed that during the evening of August 3, 1985, the defendant was involved in an episode (loud yelling back and forth and some physical contact) with Albert Wesley Allen, Jr., Sidney Steven Roberts and Diane Alford in the parking lot of the "VFW" in Colquitt County, Georgia. During the episode the defendant went to his truck, obtained a handgun and shot Sidney Steven Roberts in the left side of his chest. Roberts fell to the ground and defendant then chased Albert Wesley Allen, Jr. with the handgun shouting: "Don't run, Wesley. Come and get yours." The defendant fired two shots at Allen and then approached Roberts as he lay wounded on the parking lot. The defendant shot a fourth round into the ground near Roberts' head and retreated to the VFW building where he waited for the police to arrive.

We are convinced that a rational trier of fact could reasonably have found from evidence adduced at trial proof of the defendant's guilt beyond a reasonable doubt of the offense of aggravated assault as defined by OCGA § 16-5-21 (a). *Hall v. State*, 172 Ga. App. 371 (323 SE2d 261); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his second enumeration of error the defendant contends that the trial court's sentence of 8 years to serve was so disproportionate to other sentences imposed on defendants in the same jurisdiction who pled guilty that it effectively deprived him of a trial by jury.

This argument is not supported by the record. However, even if it were assumed that defendants who pled guilty to the offense of aggravated assault in the Colquitt County Superior Court received lighter sentences, the defendant's argument is without merit. "[17-10-1] and [17-10-2 (a)] provide that a trial judge may sentence a defendant to any specific amount of time within the limits provided by the legislature." *Arnold v. State*, 163 Ga. App. 94, 96 (5) (292 SE2d 891). In the case sub judice, the defendant's sentence of 8 years to serve is within the statutory limits for aggravated assault. See § 16-5-21 (b). There is no indication as to what sentence *this* defendant would have received had he pleaded guilty or that he received a greater sentence *solely* for

going to trial. "It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea. *Meeks v. State*, 142 Ga. App. 452 (236 SE2d 119) (1977)." *Arnold v. State*, 163 Ga. App. 94, 96 (5), supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 22, 1986.

*Charles M. Stines*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.