## 73439. WILSON v. THE STATE.
(353 SE2d 96)

POPE, Judge.

James Oscar Wilson brings this appeal from his conviction and sentence of rape. *Held*:

1. The State's motion to dismiss this appeal on the ground that appellant failed to timely comply with an order of this court directing him to file an enumeration of error and a brief is denied. *DeBroux v. State*, 176 Ga. App. 81 (1) (335 SE2d 170) (1985).

2. In his first enumeration of error appellant contends that he was denied an opportunity to summon a material witness to testify in his favor. The witness in question was Barry Wood, a jointly indicted accomplice who was not being tried with appellant and who had purportedly agreed to plead guilty to the rape charge in return for an 8-year sentence to be served in part on probation. The trial court refused to accept the plea bargain and sentence Wood until the conclusion of appellant's trial. Upon being called as a witness for appellant, Wood exercised his Fifth Amendment right and refused to answer certain questions propounded to him by defense counsel. Nevertheless, defense counsel was permitted (without objection by the State) to read from a document purportedly containing Wood's statement to the police concerning the alleged rape, and to ask Wood whether the statement therein was true. In the statement Wood admitted that he, appellant and another had all had sexual intercourse with the victim on the date in question, but asserted that the sex was voluntary and consensual, not forced. Wood's alleged statement was consistent with

appellant's subsequent trial testimony and contradicted that of the victim. Wood identified as his the signature on the statement, but refused to answer any further questions pertaining to the statement or to the subject crime.

It is appellant's contention that because the trial court refused to accept Wood's guilty plea and enter sentence thereon, thereby obviating the assertion of Wood's Fifth Amendment right, the court had assumed a "prosecutorial position" in the case, the proffered evidence being unfavorable to the State. We find no merit in this argument. Appellant relies in part on OCGA § 16-10-93, which prohibits wrongfully influencing the testimony of a witness. This reliance is misplaced. There is nothing in the record here that indicates that this statute is in any manner factually relevant to this case. As a general rule, a trial court is not required to accept a criminal defendant's plea of guilty. *Harris v. State*, 175 Ga. App. 134 (332 SE2d 685) (1985); *Echols v. State*, 167 Ga. App. 307 (1) (306 SE2d 324) (1983). It follows that a defendant has no basis on which to insist upon the trial court's acceptance of his alleged accomplice's guilty plea so that the accomplice may be compelled to give testimony at defendant's trial. Indeed, the State is precluded from presenting evidence of, or otherwise disclosing to the jury, the guilty plea of an alleged accomplice. *Hayes v. State*, 136 Ga. App. 746 (1) (222 SE2d 193) (1975). Compare OCGA § 24-9-28, providing for a grant of immunity to persons whose testimony is determined to be in the public interest.

Furthermore, we find appellant's position untenable. It is inherently inconsistent to advise the trial court that an accomplice is alleging no crime occurred and would so testify and then allege that the trial court erred by refusing to accept the accomplice's guilty plea. Appellant simply cannot have it both ways; i.e., he cannot tell the trial court that Wood denies that a crime was committed and then insist the court accept Wood's guilty plea and sentence him.

Finally, even if we were to assume some error in this regard (which we do not), appellant has demonstrated no harm. Although defense counsel's reading of Wood's alleged statement, and Wood's refusal to answer, were not technically testimony, counsel's reading may well have been the equivalent in the jury's mind of testimony that Wood in fact made the statement; and Wood's reliance upon the Fifth Amendment privilege created a situation in which the jury might improperly infer both that the statement had been made and that it was true. See *Douglas v. Alabama*, 380 U. S. 415, 419 (85 SC 1074, 13 LE2d 934) (1965); see also *Hayes v. State*, supra at (1). This circumstance clearly worked to appellant's benefit. We find no ground for reversal in this enumeration of error.

3. Appellant's remaining enumeration of error is controlled adversely to him by the holdings in *Hiers v. State*, 179 Ga. App. 181 (2)

(345 SE2d 900) (1986), and *Arnold v. State*, 163 Ga. App. 94 (5) (292 SE2d 891) (1982).

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED JANUARY 27, 1987.

*Steven T. Maples*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, James W. Richter, Assistant District Attorneys*, for appellee.