## A93A1326. SHROPSHIRE v. THE STATE.
(435 SE2d 700)

BLACKBURN, Judge.

The appellant, Timothy Shropshire, was convicted of four counts of rape, four counts of incest, five counts of aggravated child sodomy, three counts of aggravated child molestation, four counts of child molestation, and two counts of enticing a child for indecent purposes, with all offenses involving his two stepdaughters. This appeal follows the denial of Shropshire's motion for new trial.

Both victims, who were ten and eleven years old at the time of the trial, testified in graphic detail about numerous sexual encounters with Shropshire. It was not until the younger victim developed a vaginal discharge and reported it to her mother, that Shropshire's actions were revealed. Both children were subsequently examined by a physician, during which they related episodes of sexual activity with Shropshire. Vaginal and rectal swabs from each child were positive for gonorrhea, which was "absolutely indicative of abuse," in the examining physician's opinion. The victims' mother testified that she also had to be treated for gonorrhea, and that about one week before her daughter divulged the sexual abuse, Shropshire had gone to the health department for something, but she did not know what.

1. Shropshire is black and his two stepdaughters are white. On appeal, he contends that the trial court erred in restricting his de-

fense that the allegations against him were fabrications, motivated out of racial animosity felt by the victims' paternal family.

Upon cross-examination, the victims' mother acknowledged that she had experienced some problems with her ex-husband (the father of the victims) over her interracial marriage with Shropshire. When defense counsel attempted to elicit her testimony about racial animosity held by the ex-husband and his family against Shropshire, the state objected on the grounds of relevancy. Outside the presence of the jury, the trial court allowed defense counsel to question the witness, who stated that the paternal family disapproved of the marriage but never, to her knowledge, communicated such to the two children. In light of that absence of any factual basis for the defense theory asserted, the trial court then sustained the state's objection.

Both victims testified later in the proceeding, but defense counsel made no inquiry as to any racial bias, influence or pressure on the part of any paternal family member. Shropshire also testified at trial, but was not allowed to recount either the stepdaughters' remark that their daddy called him a "nigger," or what his ex-wife had told him other family members had said about him, on the grounds that such testimony would deliberately interject racial bias in the trial.

"A defendant is entitled to a thorough and sifting cross-examination of the witnesses called against him. However, evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded. The right of cross-examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. The trial court has a wide range of discretion in the control of cross-examination. That discretion will not be limited in the absence of obvious abuse." (Citations and punctuation omitted.) *Mitchell v. State*, 200 Ga. App. 146, 148 (407 SE2d 115) (1991).

In the instant case, the trial court disallowed defense counsel's cross-examination of the mother of the victims regarding the racial animosity felt by the father of the children and his family, after determining outside the presence of the jury that the witness had no knowledge of such racial bias having been impressed upon the children. Under these circumstances, the trial court's restriction of the cross-examination did not constitute an abuse of discretion.

Similarly, the trial court's limitation on Shropshire's testimony was not an abuse of discretion, particularly where Shropshire failed to raise the inquiry of racial animosity during cross-examination of the victims. Allowing Shropshire's proffered testimony recalling the remarks of the two victims and their mother would have served no purpose other than to interject racial bias into the proceeding. Matters which tend to destroy the impartiality of the jury are properly discountenanced. *Teasley v. State*, 177 Ga. App. 554 (2) (340 SE2d 32)

(1986).

2. Shropshire also contends that the trial court erred in denying his motion for mistrial based upon the improper placement of his character in issue when a sheriff's department detective testified about the older victim's speculation that Shropshire devised his plan to molest her when he was in jail. Although the trial court denied Shropshire's motion for mistrial, it instructed the witness not to repeat what the children said relative to Shropshire having been in jail, and offered to give curative instructions to the jury (which defense counsel declined).

Earlier in the proceeding, the same witness similarly testified about the younger victim's statement that Shropshire told her that if she ever revealed what he had done, he would be in big trouble and would have to go back to prison, and also about that child's remark that Shropshire "should get in prison for the rest of his life." However, Shropshire raised no objection to that earlier testimony.

The testimony which ultimately prompted Shropshire's objection was delivered in a narrative form, and was not solicited by the state, and arguably that testimony did not place Shropshire's character in issue under OCGA § 24-9-20 (b). See *Nelson v. State*, 204 Ga. App. 409 (419 SE2d 502) (1992). However, even if it did, the decision whether the statement was so prejudicial as to warrant a mistrial lies within the discretion of the trial court. " '(Appellate courts) will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.' . . . [Cit.]" Id. at 410.

In the instant case, considering the earlier testimony without objection by the same witness relating essentially the same statements made by the other victim, the trial court's instruction to the witness to refrain from further repeating such statements, and the overwhelming evidence of Shropshire's guilt, we find no abuse of discretion in the trial court's denial of Shropshire's motion for mistrial.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 26, 1993 —
RECONSIDERATION DENIED SEPTEMBER 13, 1993 ▮▮▮▮▮▮▮▮▮

*Katrina L. Breeding, August F. Siemon III,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney,* for appellee.