A94A0559. DUNCAN v. THE STATE.
(444 SE2d 583)

BEASLEY, Presiding Judge.

Duncan appeals from his conviction on one count of trafficking in cocaine, OCGA § 16-13-31, two counts of possession and sale, OCGA § 16-13-30 (b), and one count of possession with intent to distribute, OCGA § 16-13-30 (b). The latter count merged with Count 1 for the purpose of sentencing.

Duncan was arrested when the house in which he resided was searched pursuant to a warrant. Before the search, undercover officers had twice purchased crack cocaine from him, resulting in the two counts of possession and sale. The search uncovered 245 grams of cocaine in a back bedroom.

1. Duncan asserts that his motion to suppress should have been granted because the information supplied in the affidavit for the search warrant was stale and did not show sufficient reliability of informants.

In considering such affidavits, " ' "the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth . . . before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that the contraband . . . will be found in a particular place. . . . (Cit.)" . . . ' [Cit.]" *Hunter v. State*, 198 Ga. App. 41, 43 (1) (400 SE2d 641) (1990). " 'Decisions on questions of fact and credibility made by the trial court at a suppression hearing must be accepted unless clearly erroneous. (Cits.)' [Cit.] 'As a reviewing court, our duty is simply to ensure that the magistrate or judge had a substantial basis for concluding that probable cause existed. (Cits.) . . . " '[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded . . . warrants.' (Cits.)" . . .' [Cit.]" Id.

The affidavit was executed on February 25, 1992, and recited that an undercover officer had bought cocaine from Duncan approximately four months before the affidavit was prepared, at a location other than the subject house. It also recited that a confidential informant had reported that Duncan had since moved to the premises, and that this informant had been in the house within the last three days and reported observing cocaine and firearms. The affiant reported that this informant had proved reliable in the past, both to her and to other officers.

The affiant also reported that a second informant, within the past three days, had been taken to the area of the premises. There he was searched, given marked funds, and observed going into the house. He emerged with cocaine, which he stated had been purchased in the house. The affiant stated that she had known this second informant about two years and that the informant was gainfully employed, had no criminal record, did not appear to be a drug user, and had provided very reliable and useful information over the past two years, both to affiant and another officer.

The affiant also reported that approximately a month before executing the affidavit, another officer had entered the house and purchased cocaine from a man introduced as Harold Duncan. Assuming that both undercover purchases were stale in and of themselves, recent information from reliable informants that contraband would be found on the premises provided a substantial basis for concluding that probable cause existed, particularly considering the total circumstances.

" 'At the hearing on the motion to suppress, there was no evi-

dence that the affidavit upon which the search warrant was issued contained deliberate falsehoods or had been made with reckless disregard for the truth or that the affiant had consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause. (Cits.)' [Cits.] 'In the absence of such evidence, the presumption of validity of an affidavit executed in support of a search warrant must stand. (Cit.)' [Cit.]'' *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698) (1992).

2. Duncan contends that the trial court erred when it denied his motion to reveal the identity of the informants. They were not present at the time of arrest but had dealt with defendant in the days immediately before the execution of the search warrant. "The trial court did not err in refusing to require the State to reveal the identit[ies] of the confidential informant[s] inasmuch as [they were] not . . . participant[s] in, or . . . witness to, the possession of cocaine with intent to distribute charge[s] that [were] brought against defendant at the time of his arrest. [Cit.]" *Lawrence v. State*, 206 Ga. App. 404, 405 (2) (425 SE2d 411) (1992). Nor were the informants connected in any way to the other charges upon which Duncan was found guilty. See OCGA § 24-9-27.

3. Duncan enumerates as error the State's failure to introduce the search warrant as evidence on the motion to suppress. This issue was not raised at trial. " 'It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision.' . . . [Cit.]" *Moreno v. State*, 204 Ga. App. 463, 464 (3) (419 SE2d 735) (1992).

4. Duncan contends that he should have been awarded a directed verdict on the possession with intent to sell and trafficking counts because the only proof of actual or constructive possession of the cocaine was his proximity to the drugs. To the contrary, testimony at trial revealed that during the search Duncan emerged from the back bedroom with bloody hands, that the drugs were found between a broken-out window and exterior bars in that bedroom, that blood was found below the window, that no one else came from this room, and that bills bearing his name were found in the house.

5. Duncan also contends that the trial court erred in allowing the officer who applied for the search warrant to testify as to the factual basis of the warrant, including a cocaine sale that was not one of the crimes charged, arguing that this should have been ruled inadmissible hearsay. The objections to testimony about any information that might have come from confidential informants were sustained.

The only admitted testimony touching upon the basis of the warrant that is arguably hearsay concerned the arrest of a man, sometime prior to the search, who had just exited the subject house. The man stated to the officer that he had bought the cocaine in his possession

at the house, a statement the officer repeated in the course of the State's questioning about the reasons for the "other parties" clause in the search warrant. Defendant had initiated questioning about the "other parties" clause and cannot now complain that it was addressed on redirect. See *Hamilton v. State*, 210 Ga. App. 496, 498-499 (436 SE2d 500) (1993); *Beasley v. State*, 202 Ga. App. 349 (1) (414 SE2d 663) (1991). Even if admission of the statement was error, it was harmless. The officer testified that the arrested man could not identify Duncan as the person who sold him cocaine and there was a substantial amount of independent evidence of each crime for which Duncan was convicted.

6. Duncan also claims that the court should have given his written jury charge on the State's duty to rebut affirmative defenses. The requested charge included the statement that "alibi, mistaken identity, equal access for other persons to commit the alleged crimes and mere presence of the defendant at the alleged scene of a crime are affirmative defenses raised by the defendant in this case." Assuming the charge is a correct statement of the law, which is doubtful (see, e.g., OCGA § 16-3-28; *Jones v. State*, 205 Ga. App. 711, 713 (4) (423 SE2d 393) (1992)), it was not adjusted to the facts. For one thing, no evidence suggesting alibi was introduced or could be inferred. "A request to charge itself must be correct, legal, apt, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Emphasis in original.) *Smith v. State*, 209 Ga. App. 540, 544 (5) (433 SE2d 694) (1993). The trial court accurately charged the jury on the State's burden and specifically addressed issues of identity, equal access, and mere presence.

7. Duncan also asserts that his requested jury charges on circumstantial evidence should have been given, claiming that the only evidence of possession of the drugs found was circumstantial. The trial court did charge the jury on circumstantial evidence. The charge given covers all the principles of law in the requested charge and does not constitute error. *Pierce v. State*, 209 Ga. App. 366, 368 (3) (433 SE2d 641) (1993).

8. Duncan claims that his requested jury charge on possession with intent to distribute should have been given. The court did give this charge, only correcting Duncan's charge as to grammar. Id.

9. Duncan also claims that it was error not to conduct a pre-sentence investigation, citing OCGA § 17-10-2. He has apparently confused this with the pre-sentence hearing required by OCGA § 17-10-2. The hearing was conducted and Duncan presented witnesses and argument. The hearing is all that is mandated by law and this enumeration has no merit.

10. Finally, Duncan asserts that the court erred in imposing sen-

tence of 35 years to serve because it reflected a punishment imposed upon him for exercising his right to trial rather than accepting the State's earlier plea offer; it included a recommendation of 15 years to serve, the minimum. OCGA § 16-13-31 (a) (1) (B). He points to no evidence in the record that would suggest that the sentence was given for any such reason, and we find none. The mere fact that Duncan received a longer sentence after trial than the one the State would have recommended had he pleaded guilty does not per se mean that the sentence actually imposed was caused by any improper considerations. "It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea. [Cit.]" *Arnold v. State*, 163 Ga. App. 94, 96 (5) (292 SE2d 891) (1982).

The sentence imposed was well below the maximum. OCGA §§ 16-13-30 (d); 16-13-31 (g). " 'OCGA § 17-10-1 authorizes the trial court to sentence a defendant to any amount of time within limits provided by law. "The (sentence) in this case (was) within the statutory limits . . . and any complaints regarding the (sentence) should have been addressed to the appropriate sentence review panel. (Cit.)" (Cit.)' [Cit.]" *Williams v. State*, 208 Ga. App. 716 (1) (431 SE2d 469) (1993).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 5, 1994 —
RECONSIDERATION DENIED MAY 31, 1994 —

*Alan Eisenstein*, for appellant.
*J. Tom Morgan, District Attorney, Fran W. Shoenthal, Barbara B. Conroy, Assistant District Attorneys*, for appellee.