## A95A0316. BALDWIN v. THE STATE.
(460 SE2d 80)

McMURRAY, Presiding Judge.

Defendant was charged in an accusation with driving under the influence of alcohol. He was also given citations for failure to maintain lane and for having an open container of alcohol in his car. The evidence adduced at his jury trial showed that Officer Ed Smith of the Clayton County Police Department noticed defendant's vehicle "straddling the roadway markings or the solid white line to the left," delineating the lefthand emergency lane. Officer Smith followed the car and observed as "the car then swerved across the lane to the right and straddled the roadway marking to the right." The vehicle "continued swerving across the lane, straddling the roadway markings to the left and to the right." Officer Smith stopped the vehicle and obtained defendant's driver's license and proof of insurance. As Officer Smith spoke with defendant, he "detected a strong odor of alcoholic beverage on his breath and person." Defendant's "eyes were very glassy and bloodshot." There was a half-filled can of beer "sitting on the console next to the gear shift." When Officer Smith poured its contents out, the can was sweaty with condensation and cold to the touch. Defendant's attitude was "combative and insulting." Defendant was unable to walk a straight line, heel to toe, and also unable to stand on one leg for more than ten seconds. He declined to submit to a State-administered breath analysis.

The jury found him guilty on all three charges. For driving under the influence of alcohol, defendant was sentenced to serve 12 months in the county jail and pay a fine of $1,000. For failure to maintain

lane, defendant was sentenced to an additional and consecutive 12 months. A $200 fine for having an open container was suspended. Defendant's motion for new trial was denied, and this appeal followed. *Held*:

1. Defendant first argues that he was improperly denied an evidentiary hearing on the claim of ineffective assistance of trial counsel, as urged in his motion for new trial. However, the record demonstrates that appellate counsel, who filed defendant's July 10, 1994, motion for new trial, is not the same attorney who represented defendant at trial. The motion urges ineffective assistance but contains no factual allegations nor any demand for an *evidentiary* hearing. A rule nisi schedules *some* type of hearing on defendant's motion for new trial. However, there is no transcript of that hearing, and defendant does not show what evidence he proffered there only to have it excluded by the trial court.

"It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right to counsel should be made at the earliest practicable moment." *Smith v. State*, 255 Ga. 654, 655 (3), 656 (341 SE2d 5). In the case sub judice, defendant through his new counsel had the opportunity to conduct an evidentiary hearing on his claim of ineffective assistance of trial counsel prior to this appeal but failed to take advantage of that opportunity, for aught that appears of record. Consequently, this challenge to his convictions on the ground that no evidentiary hearing was held on his claim of ineffective assistance of trial counsel "is procedurally barred, and no remand is required. *Owens v. State*, 263 Ga. 99 (3) (428 SE2d 793) (1993)." *Bailey v. State*, 264 Ga. 300 (443 SE2d 836). Compare *Richardson v. State*, 256 Ga. 746, 748 (8) (353 SE2d 342).

2. Next, defendant contends the trial court "improperly participated in plea bargaining when he indicated at the pre-trial conference, and in his pre-trial order, that he would accept the state's sentence recommendation if [defendant] entered pleas of guilty to the charges of [driving under the influence of alcohol] and improper lane change prior to trial."

The record contains a standard or form order reciting that a pre-trial conference was held, and a handwritten entry itemizes the State's "recommendation as to sentence if the defendant pleads guilty/nolo contendere." The pre-trial order further states the "Court has indicated that if the defendant pleads guilty/nolo prior to this case being placed on a trial calendar that the [State's sentencing] recommendation would be accepted." The pre-trial order notifies the defendant that the court would entertain a plea "within one week from the date of this order," after which the case would be placed upon the trial calendar. The pre-trial order further informs the defendant that

in the event the case is placed on the trial calendar and the defendant wishes to enter a guilty/nolo plea later in time than "one week prior to Monday of the week scheduled for trial[,]" then the trial court would not be bound by any sentencing recommendations but "will impose such sentence as it thinks appropriate without consideration of negotiations by the parties." Furthermore, a guilty/nolo plea may be "scheduled at a time later than one week prior to the week scheduled for trial, provided the Court has had an opportunity to consider the negotiated sentence and has stated whether or not it would be accepted by the Court."

Uniform Superior Court Rule 33.5 (A) directs that the trial judge "should not participate in plea discussions." " '(J)udicial participation in plea negotiations is prohibited as a constitutional matter when it is so great as to render a guilty plea involuntary.' *United States v. Adams*, [634 F2d 830 (5th Cir. 1981)]. See also *United States v. Schmidt*, [376 F2d 751 (4th Cir. 1967)]." *Skomer v. State*, 183 Ga. App. 308, 310 (358 SE2d 886). We pretermit the question whether the entry of this pre-trial order constitutes an impermissible participation by the trial court in plea negotiations or whether, in truth, the order is merely proper notice and an explanation of the scheduling and procedures to be followed if a criminal case is placed upon the trial calendar. In the case sub judice, defendant did not plead guilty but exercised his right to be tried before a jury. This enumeration fails to present any question for decision and is consequently without merit.

3. In his third enumeration, defendant contends the trial court erred in sentencing him to jail time greater than that contemplated by the State's pre-trial recommendations for a negotiated plea. He argues that he has been denied due process of law "because the trial Judge improperly penalized [him] after he elected to be tried by a jury instead of entering negotiated pre-trial pleas of guilty. . . ." In support of this contention, defendant claims the "record clearly shows that 'but for' [his] election to be tried by a jury, the trial judge would not have sentenced [him] to a term in jail longer than [that to which he] would have been sentenced . . ." if he had entered pre-trial guilty pleas. However, it is our view that the record clearly shows that the trial court's pre-trial order gave unmistakable written advance notice that the court would not be bound by the State's pre-trial sentencing recommendations nor by negotiations. The record also contains evidence of defendant's two prior convictions for driving under the influence of alcohol (1988 and 1989), two 1989 convictions for driving with a suspended license, as well as convictions for giving a false name and escape.

"It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea. *Meeks v. State*,

142 Ga. App. 452 (236 SE2d 119) (1977)." *Arnold v. State*, 163 Ga. App. 94, 96 (5) (292 SE2d 891). OCGA § 17-10-1 authorizes the trial court to sentence a defendant to any amount of time within the limits provided by law. See *Duncan v. State*, 213 Ga. App. 394, 397 (10), 398 (444 SE2d 583). Inasmuch as defendant's consecutive misdemeanor sentences are within the statutory ranges, this enumeration is without merit.

4. Defendant's final contention is that he was "entitled to be considered for probation. . . ." However, defendant did not request probation but asked only that the court "allow [him] a couple of days to see the doctor first before reporting. . . ." The record does not demonstrate that the trial court failed to exercise its discretion or was operating under a misapprehension as to the extent of its discretion. Compare *Decker v. State*, 139 Ga. App. 707, 711 (9) (229 SE2d 520), where the trial court's statements on the record "indicated [the erroneous belief that] it lacked the [authority] to consider probation." This enumeration is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 8, 1995 —
RECONSIDERATION DENIED JULY 14, 1995 — 

*Michael B. King,* for appellant.
*Robert E. Keller, District Attorney, Elizabeth B. Cofer, Assistant District Attorney,* for appellee.