A97A0040. JOHNSON v. THE STATE.
(481 SE2d 268)

ELDRIDGE, Judge.

A Clarke County jury found Leigh Ann Johnson guilty of the offenses of driving under the influence of alcohol (less safe driver) and possession of alcohol by a person under the age of 21 pursuant to OCGA § 3-3-23. She appeals, and we affirm her conviction.

Viewed in a light most favorable to the verdict, the evidence showed that in Athens, at approximately 1:00 a.m., appellant, a junior at the University of Georgia, attempted to make a left turn onto Lumpkin Street from Broad Street before the yellow light on Broad could turn red; appellant's car collided with another vehicle traveling straight through the intersection on Broad Street. A university police officer was flagged down and approached appellant in order to determine what happened.

Appellant initially denied involvement in an accident, but then admitted her involvement. During this conversation, the officer noticed a strong odor of alcohol emanating from appellant; the appellant was swaying on her feet. The officer administered several field sobriety tests to appellant; she failed them all.

Appellant was arrested for DUI and immediately became loud and belligerent toward the officer. Appellant, yelling, cursed the officer and referred to him by several slang terms; appellant loudly inquired as to why she was being arrested when the people in the other vehicle involved in the collision were not; appellant, who is white, referred to the other driver and his passengers by a racial epithet. Appellant's shouted comments were made as she was being escorted to the police car in front of a large crowd of approximately 200 people that had gathered at the corners of Broad and Lumpkin Streets. The police officer testified that appellant's conduct was being observed by the crowd.

Appellant continued this conduct at the emergency room of the Athens Regional Medical Center where she had been transported pursuant to her initial request for a blood test; eventually, appellant's conduct became so disruptive that the officer was forced to remove appellant from the emergency room.

1. In her first and second enumerations of error, appellant mounts a two-pronged attack on the admissibility of her statements

to the university police officer wherein she referred to the officer by slang terms and to the other persons involved in the collision by a racial epithet. Appellant contends that the admission of these statements was in violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), as *Miranda* warnings were not given, and appellant's statements were made under the "functional equivalent of interrogation." Apparently in the alternative, appellant claims that even if *Miranda* was not violated, the admission of her statement referencing the other driver and his passengers by a racial epithet "served only to inject the improper and inflammatory issue of race into the case."

Not all in-custody statements are subject to *Miranda*. A volunteered statement, which is not the product of interrogation or its functional equivalent, would not be suppressible on this ground. *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980). In the case sub judice, appellant attempts to create a nexus between her cursing of the officer while yelling racial slurs and the placing of appellant into the police vehicle in order to transport her to the police station for "continued investigation," i.e., a breath test; appellant attempts to assign the blame for the comments upon this continued investigation. This artificial nexus appellant calls "the functional equivalent of interrogation" in violation of *Miranda*. We cannot agree.

Even assuming, arguendo, that appellant's name-calling can be considered "statements" for purposes of *Miranda*, clearly these comments were not the result of actions on the part of the officer that "reflect a measure of compulsion above and beyond that inherent in custody itself." *Rhode Island v. Innis*, supra at 300. "[T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." (Emphasis omitted.) *Zubiadul v. State*, 193 Ga. App. 235, 237 (387 SE2d 431) (1989). The record demonstrates that the officer's focus was to get the appellant to *stop* talking; this is hardly the "functional equivalent of interrogation," and we find that appellant's comments were spontaneous and voluntary, thus satisfying the mandates of *Miranda*.

The second prong of appellant's challenge to the admissibility of her statements is no more successful. We are not unmindful of the potentially harmful role the interjection of race may play in the prosecution of a case. *Shropshire v. State*, 210 Ga. App. 241, 242 (435 SE2d 700) (1993); *Kornegay v. State*, 174 Ga. App. 279, 282-283 (329 SE2d 601) (1985). However, "we cannot say that every such reference is harmful as a matter of law," *Stephens v. State*, 208 Ga. App. 620, 622 (431 SE2d 422) (1993), and we decline appellant's invitation to so hold herein. Relevant evidence is not subject to an objection that it

might inflame the minds of the jury or prejudice the jury; "[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." (Citation and punctuation omitted.) *McKinney v. State*, 213 Ga. App. 498, 500-501 (445 SE2d 550) (1994); *Johnson v. State*, 170 Ga. App. 433 (317 SE2d 213) (1984).

In the case sub judice, appellant was charged with DUI — less safe driver. Evidence of appellant's intoxication came through the university officer's testimony concerning appellant's demeanor and conduct; thus, appellant's belligerent shouting of racial slurs and curse words in front of hundreds of people as she was being led to a police vehicle might tend to shed light on the existence and extent of appellant's intoxication and aid the jury in making a determination thereof. "As a sober person normally would not be expected to make such [remarks] under the circumstances, and as inhibitions are removed by alcohol intoxication, the statement[s were] relevant as bearing on defendant's intoxication." Id. at 436 (4). There was no error in the admission of appellant's comments.

2. In her last enumeration of error, appellant contends that the trial court impermissibly punished appellant for exercising her right to a jury trial by imposing a sentence of incarceration where the trial court would not have done so had appellant pled guilty. Appellant grounds this assertion of error on a comment by the trial court during sentencing after appellant's counsel requested reconsideration of the incarceration portion of the sentence: "[TRIAL COURT]: I'm not going to do that, John. She — I mean, to be candid with you, if she'd have pled it, I would have. But if she rolls the dice and loses, that's —."

Uniform Superior Court Rule 33.6 (B) forbids the imposition of an excessive sentence merely because a defendant chose to exercise his right to trial rather than enter a guilty plea. However, that rule does not require a trial court to sentence a defendant to the same sentence that would have been appropriate had a defendant entered a guilty plea. See *Duncan v. State*, 213 Ga. App. 394 (444 SE2d 583) (1994); *Lee v. State*, 199 Ga. App. 246 (404 SE2d 598) (1991). In fact, USCR 33.6 (A) provides specific factors that may be taken into consideration when a guilty plea is entered in determining if leniency is appropriate. The record demonstrates that the trial court took consideration of all of the factors that might influence leniency in sentencing pursuant to that rule, read them into the record, and specifically found that none of them was present.

Further, the transcript also reveals that when this issue was raised by defense counsel, the trial court told counsel, "[TRIAL COURT]: I'm not holding it [going to trial] against her. I — I'm applying the — what the Uniform Rules say I should take into consideration. I've done that, as I read into the record."

In addition, a review of the sentencing hearing demonstrates that the trial court also took the evidence heard during trial into consideration in sentencing, as well as personal observations of the appellant's demeanor: "[TRIAL COURT]: Ms. Johnson, I have heard the evidence in the case just as the jury heard the evidence. Based upon the evidence that the jury heard, I certainly am of the opinion that the evidence was sufficient beyond a reasonable doubt to find you guilty of these two charges. . . . Your lawyer adequately described your conduct on this occasion, and — and I'm not going to repeat that. But it was outrageous. I've observed you from the time that — every time you've been to court in connection with this charge and — and you appear to be a very reserved individual, polite, nice, but that's not what was exhibited out there on the roadway that night. And I can only infer from that that that [sic] was a result from your ingestion of alcohol. Maybe not. Maybe you act like that quite often. If so, you should be ashamed. But I was trying to blame it on alcohol. You're shaking your head. Apparently, it wasn't alcohol that caused that. But if — if it wasn't the alcohol, then you should be ashamed."

Just as a trial court may determine the existence of factors warranting leniency, a trial court may also determine from a consideration of the evidence and observations of the defendant that leniency is unwarranted. A review of the record in the case sub judice shows that this latter possibility is what the trial court meant by "rolling the dice." "It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea." (Citations and punctuation omitted.) *Baldwin v. State*, 217 Ga. App. 866, 868-869 (460 SE2d 80) (1995). Nothing in the record demonstrates to this Court that appellant's sentence was imposed merely as a punishment for her decision to exercise her right to trial. There was no error.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1997.

*McArthur & McArthur, John J. McArthur*, for appellant.

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.