## A93A1642. KING v. THE STATE.
(437 SE2d 809)

COOPER, Judge.

James Wilbur King was indicted for possession of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act. Following the denial of his motion to suppress, he entered a guilty plea to the charge, reserving his right to appeal the denial of his motion to suppress.

The transcript from the hearing on the motion to suppress reveals that on January 20, 1992, a search warrant was issued for appellant's residence. Within 60 days prior to the issuance of the search warrant, Officer Richard Royal, an officer with the Bibb County Drug Task Force, received information from a reliable confidential informant. The informant advised Officer Royal that appellant, Kennedy King, appellant's brother, Joey Cohen and Jamie Cohen, were involved in a scheme to transport marijuana from Houston, Texas to Macon, Georgia. The informant stated that usually Kennedy King would drive or fly to Houston and purchase the marijuana, and Joey Cohen would drive to Houston, pick up the marijuana from Kennedy King and drive it back to Macon, where he would give it to appellant and Jamie Cohen to be distributed. On Friday, January 17, 1992, the informant told Officer Royal that Kennedy King told him that he was on his way to Atlanta to catch a plane to Houston. The informant advised Officer Royal that the marijuana was expected to be back in Macon by Tuesday, January 21, 1992. On Saturday, January 18, 1992, the informant told Officer Royal that he had seen appellant and Jamie Cohen driving a maroon Buick. On that same night Officer Royal observed a maroon Buick outside Joey Cohen's house and saw Joey Cohen leave and place a tote bag in the car.

Officer Royal also received information from three other reliable confidential informants which corroborated the information provided by the first informant. The second confidential informant stated that appellant told him he was going to Texas to pick up some marijuana and asked if he wanted to purchase some marijuana. The third confidential informant told Officer Royal that Jamie Cohen was distributing marijuana in the Macon area and that the marijuana was supplied by appellant. A fourth confidential informant stated that Jamie Cohen was dealing in large quantities of marijuana which was being brought in from Texas. Officer Royal discovered that on Sunday, January 19, 1992, Kennedy King had been stopped in Atlanta deboarding a plane from Houston and that he was arrested and charged with possession of cocaine with intent to distribute. As a result of all the information received by the four informants and his independent investigation, Officer Royal prepared an affidavit and obtained a search warrant for appellant's residence.

Upon receipt of the search warrant, Officer Royal, with the assistance of other officers, began surveillance of appellant's residence. At approximately 5:00 a.m. on January 20, 1992, a maroon Buick driven by a white male arrived at appellant's residence. The officers could not identify the driver from their positions but saw the driver get out of the car and go into the house. Approximately 15 minutes later, the driver came out of the house and left in the maroon Buick. The Buick was stopped by the officers approximately two miles from the house. The officers discovered that appellant was the driver of the car, and a search of the car revealed 41.75 pounds of marijuana.

Appellant contends that the search of his car was not authorized by the search warrant, which permitted a search for "records . . . or other such documents to substantiate the conspiracy to distribute marijuana between Houston, Texas and Macon, Georgia. . . ." However, the real issue is whether the officer had probable cause to conduct a warrantless search of the car. "An automobile search may be conducted without a warrant provided it is based on facts that would justify the issuance of a warrant. [Cit.] The trial court's decision on fact questions and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous; and his ruling will be upheld wherever there is evidence to support it. [Cit.]" *Love v. State*, 173 Ga. App. 85, 86 (1) (325 SE2d 449) (1984). "Generally, probable cause is determined by the 'totality of the circumstances' surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. [Cit.]" *McKinney v. State*, 184 Ga. App. 607, 608-609 (1) (362 SE2d 65) (1987). The information was received from a reliable informant within 30 hours of the subsequent search of the appellant's car. The information detailed a plan whereby Kennedy King would fly to Houston to purchase marijuana, and then Joey Cohen would drive the marijuana back to Macon where it would be distributed by appellant. The police received corroborating information from the other three informants, and their independent investigation also verified the information. We find that there was sufficient indicia of probable cause to authorize a warrantless search of appellant's car. Accordingly, the trial court did not err in denying appellant's motion to suppress. *Williams v. State*, 173 Ga. App. 207 (1) (325 SE2d 783) (1984).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 29, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993

*Harrison & Harrison, Stephen P. Harrison*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant*

*District Attorney*, for appellee.