## A94A0820. LEONARD v. THE STATE.
(445 SE2d 330)

Judge Harold R. Banke.

Defendant Randall Leon Leonard was convicted by a jury of trafficking in cocaine. His sole enumeration on appeal is the trial court's denial of his pretrial motion to suppress evidence.

On January 7, 1993, Officer Len Woodel and other officers of the Clarke County Drug Task Force executed a search warrant at the residence of Patton Biddle. After the police discovered a quantity of cocaine and marijuana in Biddle's home, Biddle became cooperative and named defendant as his supplier. Biddle also explained to the officers that over the preceding four years he and defendant would speak with each other the day before a delivery was to be made to arrange a time for the buy; that Biddle would then "beep" defendant the day of the delivery to let defendant know that he was at home waiting; that defendant would call Biddle about five to ten minutes before he would arrive at Biddle's home to make sure that Biddle was alone and that all was clear; and that defendant would soon arrive at Biddle's home carrying the cocaine inside a white envelope.

While the officers were still present in his home, Biddle agreed to beep defendant and arrange for a delivery of cocaine for that afternoon as Biddle had discussed with defendant the previous day. The officers were present when Biddle beeped defendant and when defendant called Biddle back, confirming that he would be at Biddle's house later that afternoon. Biddle allowed the police to return to his home about two hours later to wait for defendant to arrive with the cocaine. Defendant called once again to make sure that it was safe for him to deliver the cocaine and, within ten to fifteen minutes thereafter, defendant arrived at Biddle's home. As defendant walked through the door, Officer Woodel spotted a bulging white envelope in defendant's shirt pocket. At that point, the officer identified himself and searched defendant's body. The envelope was removed from defendant's pocket, and Officer Woodel found 28.2 grams of cocaine inside. Shortly after the cocaine was seized from defendant's person, another officer searched defendant's truck parked in Biddle's driveway. An additional 42.2 grams of cocaine were found in the trunk.

Officer Woodel also testified at trial that he was not surprised to discover that defendant was Biddle's supplier. The officer, who is himself an artist, had friends in the artist community who had told him of defendant's supplying them and others with cocaine. Because Biddle was connected to the music industry, Officer Woodel had suspected defendant was Biddle's supplier. Officer Woodel also testified that he had police intelligence information connecting defendant with drug trafficking for a period of at least ten years, and information that connected defendant with at least two known convicted drug

traffickers. Defendant's physical appearance, his home, place of business, automobiles and post office box were known to Officer Woodel personally from surveillance he had conducted over the past five years.

Defendant argues the evidence of the drugs found on his person should have been suppressed because the police had no probable cause to search or arrest him. Specifically, defendant contends the officers' reliance on the information provided by Biddle was insufficient to establish probable cause because Biddle was a drug user of unknown reliability.

"The duty of a reviewing court is to ensure that a substantial basis for probable cause existed. We must determine under the totality of the circumstances whether the evidence in this case showed a fair probability that contraband or evidence of a crime would be found in a particular place. It is well established that neither the basis of an informant's knowledge, nor evidence of his veracity, nor corroboration of these elements is an entirely separate and independent requirement to be exacted in every case, but rather these elements are simply useful in illuminating the common sense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place." (Citations and punctuation omitted.) *Pattman v. State*, 208 Ga. App. 770, 771-772 (431 SE2d 706) (1993); see also *Thomas v. State*, 208 Ga. App. 476 (2) (430 SE2d 849) (1993). "The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Where there is evidence to support the *decision* of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal." (Citations and punctuation omitted.) *In the Interest of J. L. G.*, 209 Ga. App. 565, 566 (434 SE2d 126) (1993).

Contrary to defendant's arguments, the information provided to the police by Biddle was not insufficient to establish probable cause merely because the police had never dealt with Biddle before as an informant. Biddle demonstrated his reliability by agreeing to cooperate with the police, calling defendant to arrange for the delivery of drugs, allowing the police to return to his house to witness the drug buy, and putting himself on the line by participating in the controlled purchase. *McKenzie v. State*, 208 Ga. App. 683, 684 (1) (431 SE2d 715) (1993). Additionally, by the time of defendant's arrest, all of the specifics supplied by Biddle concerning the routine that would be followed by defendant had been corroborated by those events occurring in the exact manner described by Biddle. "Thus, this case did not involve improper reliance by the officers on uncorroborated information from an unknown informant." Id. at 685. When considered along with Officer Woodel's testimony about the previous knowledge he had of defendant's drug trafficking activities, we conclude that under the

totality of the circumstances, the officers had probable cause to search defendant. *Thomas v. State*, supra at 477. Compare *Polke v. State*, 203 Ga. App. 306 (1) (417 SE2d 22) (1992) (no evidence was shown as to how the informants got their information, nor was the informants' information sufficiently detailed to suggest that it was based on anything more substantial than mere rumor).

Defendant further argues that even if the police had probable cause to search defendant's person, there was no valid basis for the subsequent search of his vehicle without a warrant. However, the evidence indicates that Biddle had told the officers that when defendant made his weekly delivery of cocaine to Biddle that defendant would be "in route to other places as well." Therefore, "[w]e find that there was sufficient indicia of probable cause to authorize a warrantless search of [defendant's] car. Accordingly, the trial court did not err in denying [defendant's] motion to suppress. [Cit.]" *King v. State*, 210 Ga. App. 828, 829 (437 SE2d 809) (1993).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 8, 1994.

*Jeffrey G. Gilley*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.