A98A0212. WELCH v. THE STATE.
(498 SE2d 555)

Judge Harold R. Banke.

Tracy Welch was convicted of two violations of the Georgia Controlled Substances Act, possession of Alprazolam, a Schedule IV controlled substance, and possession of marijuana. He enumerates three errors on appeal.

This case arose after government agents executed a search warrant at Welch's parents' mobile home. During the raid, at least six individuals were in the trailer. Agents discovered 14 Xanax tablets in

a bottle in Welch's pocket, a plastic bag containing marijuana on the kitchen table, and rolling papers and residue sitting on a tray under a couch in the living room.[1] In total, the agents seized less than a half-ounce of marijuana (11.8 grams), none of which was on Welch's person.

The record shows that the State intended to call Barbara Penwell as a witness to testify that she provided the Xanax to Welch.[2] She had pleaded guilty to distribution of Alprazolam. At trial, however, Welch's counsel informed the court that Penwell told him she would not testify because she had lied to the State about the trade in the hope that she would get out of trouble.

Consistent with defense counsel's statement, at trial Penwell refused to testify on Fifth Amendment grounds. Although the trial court offered her immunity, the offer did not extend to prosecutions for perjury or false swearing. When Penwell again refused to testify, the court warned her that "your failing to testify is a contempt of this court," but imposed no sanction and excused her. The court then permitted the State to call Agent Wilson to read Penwell's unsworn statement into the record. *Held*:

1. The affidavit supporting the search warrant was sufficient to establish probable cause. The affidavit indicated that some months earlier the attesting agent learned Welch had sold marijuana. This information was corroborated by the agent from other sources.

Although the affidavit failed to supply information as to the past reliability and veracity of the informants, the corroboration of the information by multiple sources " 'reduce(d) the chances of a reckless or prevaricating tale.' [Cit.]" *Thomas v. State*, 173 Ga. App. 481, 483 (1) (326 SE2d 840) (1985); see *Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996) (proof of veracity no longer an absolute requirement).

We reject Welch's contention that the information was too stale to provide probable cause. *Cline v. State*, 178 Ga. App. 470, 472 (1) (343 SE2d 506) (1986). Given all the circumstances set forth in the affidavit, we believe the magistrate had a substantial basis for concluding that probable cause existed. *Kessler*, 221 Ga. App. at 369. Thus, the trial court's denial of Welch's motion to suppress was not clearly erroneous. *Sanders v. State*, 226 Ga. App. 565, 566 (2) (487 SE2d 115) (1997).

2. Welch argues that the trial court erred in admitting the hearsay testimony of Agent Wilson that Barbara Penwell told him that on

---

[1] Xanax is a legal prescription drug which contains Alprazolam.

[2] After Welch's arrest, an agent was told that Penwell had traded the Alprazolam found in Welch's pocket for marijuana. Before Welch's trial, Penwell pleaded guilty to distribution of Alprazolam.

the day of Welch's arrest she traded him the 14 Xanax tablets in exchange for a half-ounce of marijuana. We agree.

The Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U. S. Const., Amend. VI; see also Ga. Const. of 1983, Art. I, Sec. I, Par. XIV; OCGA § 24-9-64. In construing this essential right, the Supreme Court unanimously agreed "that when one person accuses another of a crime under circumstances in which the declarant stands to gain by inculpating another, the accusation is presumptively suspect and must be subjected to the scrutiny of cross-examination." *Lee v. Illinois*, 476 U. S. 530, 541 (106 SC 2056, 90 LE2d 514) (1986). Here, the State's failure to rebut this presumption of unreliability resulted in the emasculation of both the letter and the spirit of this essential right. *Livingston v. State*, 268 Ga. 205, 211 (4) (486 SE2d 845) (1997).

Because the use of hearsay is "at odds with the literal terms of the Confrontation Clause of the Sixth Amendment," its admission is strictly limited to circumstances "meet[ing] the requirements of a firmly-rooted exception to the hearsay rule." *Livingston*, 268 Ga. at 210 (2). These exceptions each require certain indicia of reliability which act as substitutes for cross-examination of the declarant. See OCGA §§ 24-3-1 to 24-3-17.

The trial court applied OCGA § 24-3-1 (b), which permits the use of hearsay "in specified cases from necessity." *Hayes v. State*, 265 Ga. 1, 2 (3) (453 SE2d 11) (1995). But this exception is applicable only when the declarant is unavailable and there exists " 'a circumstantial guarant[ee] of the trustworthiness of the offered evidence.' [Cit.]" *Livingston*, 268 Ga. at 211 (4).

The requisite guarantees of trustworthiness are patently absent in the instant case, leaving unrebutted the presumption of unreliability arising from the use of such testimony.[3] *Lee*, 476 U. S. at 541. Penwell made her confession at the county jail, where she had been called for questioning and read her rights. While she may not technically have been in custody, it appears that her prosecution was certain when she made the statements.[4] See OCGA § 24-3-5. The fact that testifying in Welch's case was a condition of Penwell's probation confirms both the State's interest in implicating Welch and the concomitant benefit to Penwell. Because Penwell stood to gain by fur-

---

[3] The absence of such a guarantee precludes the admission of an out-of-court co-conspirator's confession when the co-conspirator does not testify at trial. *Livingston*, 268 Ga. at 211 (4); see also OCGA § 24-3-52. Nor is the use of a nontestifying co-defendant's statement to police implicating his two co-defendants permitted. *Livingston*, 268 Ga. at 211 (4).

[4] The investigative summary states, "Mrs. Penwell was not arrested at this time. Agent Wilson did not feel the need to place Mrs. Penwell in jail just prior to the Christmas holidays."

thering the State's interest, her accusation of Welch must be considered presumptively suspect.[5] *Lee*, 476 U. S. at 541.

The circumstances under which Penwell invoked the Fifth Amendment likewise undermine confidence in the trustworthiness of her statements. Prior to trial, she informed defense counsel that the statement was untrue. Compare *Drane v. State*, 265 Ga. 663, 664 (1) (461 SE2d 224) (1995). When she told the district attorney that she did not want to testify, he advised her that if she did not, she would go to jail. These circumstances preclude a finding that the suspect statement was free from any desire, motive or impulse Penwell might have had to implicate Welch for her own benefit.[6] *Lee*, 476 U. S. at 544.

Nor can we say that the admission of the suspect statement, untested by any meaningful cross-examination, was harmless as to either charge. A violation of the right to confrontation is harmless only where the evidence of guilt is overwhelming and the minds of an average jury would not have found the State's case significantly less persuasive had the hearsay been excluded. *Crawford v. State*, 203 Ga. App. 215, 216 (2) (416 SE2d 820) (1992). Here, Penwell's hearsay statement implicating Welch was the only evidence directly contradicting Welch's testimony that a doctor provided him with sample packages of the Xanax.[7] Welch's sister corroborated his testimony. Further, Penwell's statement bolstered a case with minimal evidence of marijuana possession. The State presented no direct evidence that Welch possessed the marijuana seized, which was found in the common area of the trailer where Welch, along with at least five others, was arrested. In its brief, the State offered no evidence that Welch was smoking or otherwise exercising sovereignty over that marijuana. *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788) (1995) (mere presence at the scene of the crime, without more, is insufficient to support a conviction). Penwell's statement, which was not subjected to the procedures required under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), did not mention or relate to the possession charge on which Welch was being tried. See *Tam v. State*, 225 Ga. App. 101, 103 (2) (483 SE2d 142) (1997) (such improp-

---

[5] Cross-examination of the police officer to whom the statement was made would not cure the constitutional infirmities apparent here. It would establish only that the declarant made the statement and would not permit the accused to "'test the truth of the statement itself.'" *Livingston*, 268 Ga. at 211 (4).

[6] We further find no other exception authorizing the admission of Penwell's statement. Because it was made after the transaction or enterprise concluded, OCGA § 24-3-52 would not apply. *Livingston*, 268 Ga. at 211. Georgia does not recognize the exception for statements against penal interests. *Barksdale v. State*, 265 Ga. 9, 11-12 (2) (a), n. 3 (453 SE2d 2) (1995).

[7] Welch's doctor testified that he did not recall whether he provided any Xanax to Welch, but could not deny it. He admitted that he had given out Xanax samples in the past.

erly admitted testimony is not harmless when the admissible evidence is sufficient but not overwhelming). On retrial, the hearsay testimony must be excluded.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 10, 1998.

*Weaver & Weaver, George W. Weaver, Jeffrey L. Floyd*, for appellant.

*Roger G. Queen, District Attorney*, for appellee.