## A02A0709. JONES v. THE STATE.
(566 SE2d 1)

ANDREWS, Presiding Judge.

Keith Lavelle Jones was found guilty by a jury of trafficking in cocaine and possession of cocaine with intent to distribute. His sole enumeration of error on appeal is that the trial court erred by denying his motion to suppress evidence of cocaine found by police during a search of his residence pursuant to a search warrant. Specifically, he claims the affidavit presented to obtain the warrant was insufficient to support a finding of probable cause. Because we find the affidavit was sufficient, we affirm the judgment of conviction.

The affidavit given by Officer Casper of the Multi Agency Narcotics Squad stated that Officer Neville, also of the narcotics squad, was told by an informant who had previously provided reliable information in at least two other narcotics investigations that within the past week the informant personally saw cocaine at Jones's residence at 4719 Cantrell Road in the possession of Jones. Officer Casper further stated that by independent investigation he confirmed that Jones lived at the stated residence. Based on this information, the magistrate issued a search warrant for the residence to search for cocaine and related evidence. A search of the residence pursuant to the warrant produced 39.8 grams of cocaine.

Under *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), where issuance of a search warrant is based primarily on an informant's tip, the issuing magistrate must apply the "totality of the circumstances" test to determine if there is probable cause for the search warrant.

---

> The task of the issuing magistrate [under *Gates*] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (quoting from *Gates*).

The officer's affidavit gave sufficient information for the magistrate to determine that the informant was reliable and had personal knowledge that Jones possessed cocaine at his residence. Under the totality of the circumstances, this information gave the magistrate a substantial basis to conclude that probable cause existed to issue a search warrant for the cocaine. *Stephens*, supra. Contrary to Jones's contention, the affidavit was not rendered insufficient because it was based on double hearsay provided by the informant to Officer Neville, who relayed the information to the affiant, Officer Casper. *McNeal v. State*, 133 Ga. App. 225, 228 (211 SE2d 173) (1974); *Lewis v. State*, 234 Ga. App. 873, 876 (508 SE2d 218) (1998); *Kelly v. State*, 184 Ga. App. 337, 338 (361 SE2d 659) (1987); *Whiteley v. Warden*, 401 U. S. 560 (91 SC 1031, 28 LE2d 306) (1971) (officer may rely on information communicated by fellow officers for probable cause).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 10, 2002 —
RECONSIDERATION DISMISSED MAY 24, 2002.

*Turner & Willis, Christopher W. Willis*, for appellant.
Keith Jones, *pro se.*
*Lydia J. Sartain, District Attorney, Lindsay H. Messick, Assistant District Attorney*, for appellee.