## A03A1463. TUCKER v. THE STATE.
(583 SE2d 233)

ELLINGTON, Judge.

An Athens-Clarke County Superior Court judge found Patrick Tucker guilty of trafficking in cocaine, OCGA § 16-13-31 (a), and obstructing an officer, OCGA § 16-10-24 (a). Tucker appeals from the denial of his motion for new trial, contending the trial court erred in denying his motion to suppress the cocaine evidence seized from him. Finding no error, we affirm.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). But where the evidence is uncontroverted and no question about the credibility of witnesses is presented, the trial court's application of law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Viewed in this light, the record reveals the following. In March 2001, an Athens-Clarke County detective began investigating drug activity on the University of Georgia campus. During his investigation, he arrested an individual for possessing a large amount of illegal drugs. This person told the detective he bought his cocaine from Patrick Tucker and agreed to cooperate as a confidential informant. The informant said he typically transacted his drug business with Tucker over a cell phone and that Tucker would deliver the drugs to him. The informant told the detective where both Tucker and his girlfriend lived and described their cars. The detective verified the information. The detective testified that he was also personally familiar with Tucker's drug dealing. He previously arrested Tucker for possessing 200 tablets of illegal drugs and $2,000 in cash. Based on this information, the detective decided to initiate a new investigation into Tucker's activities.

On March 30, the detective had the informant call Tucker to set up a drug deal. The informant left a message at Tucker's home, and Tucker called the informant back. The detective listened in on the conversation. The caller identified himself as "Pat" and agreed to sell the informant a couple grams of cocaine. The caller implied he had

the drugs on his person or in his car, said he was going to his girl-friend's apartment to take a shower, and agreed to meet the infor-mant in 45 minutes. Tucker testified that he did in fact talk to some-one on the phone, confirming many of the salient facts of the call, including an understanding that he intended to "help the caller out" by selling him cocaine.

After the drug deal had been arranged, the detective drove to the apartment complex to set up his surveillance. As the detective drove into the parking lot, he unexpectedly encountered Tucker, who was also driving into the lot. Believing that Tucker recognized him and that his investigation was in jeopardy, the detective identified him-self as a police officer and informed Tucker he had reason to believe he was in possession of illegal drugs. Tucker's demeanor immediately changed, causing the detective to feel threatened. When the detective asked Tucker to place his hands on the car while they spoke, Tucker shoved him away and refused to comply, even after the detective drew his weapon. The detective called for backup, and he and the responding officers eventually subdued Tucker. The detective then searched Tucker's pockets and found 34 small bags containing pow-der cocaine. A later consent search of Tucker's girlfriend's apartment revealed the presence of cocaine residue, plastic bags and other drug paraphernalia, and a large amount of cash.

Under the totality of the circumstances of this case, the trial court properly concluded the detective had probable cause to search Tucker. The information supplied to the detective by the confidential informant supported the trial court's finding of probable cause to search Tucker. The informant demonstrated his reliability by agree-ing to cooperate with the detective, by providing information about Tucker and his activities, and by calling Tucker to set up the drug purchase. See *Leonard v. State*, 213 Ga. App. 503, 504 (445 SE2d 330) (1994). At the time of the arrest, all of the information provided by the informant about Tucker, his routine, and his method of transact-ing his drug business had been corroborated. Id. The detective also listened in on the informant's telephone conversation with Tucker and, because of that, personally had reason to believe Tucker would be in possession of cocaine when he encountered him in the apart-ment complex parking lot. See *State v. Burnett*, 249 Ga. App. 334, 337 (2) (548 SE2d 443) (2001) (heard informant's end of the telephone conversation about when and where the drugs would be); *State v. Hancock*, 203 Ga. App. 577, 578 (417 SE2d 381) (1992) (overheard conversation about when and where the drugs would be). When con-sidered along with the detective's previous knowledge of Tucker's drug dealing and the evidence of Tucker's defiant behavior upon see-ing the detective, we conclude, under the totality of the circum-stances, this evidence supports a finding that probable cause to

search Tucker existed. *State v. Burnett*, 249 Ga. App. at 337 (2); *Leonard v. State*, 213 Ga. App. at 504-505. Therefore, the trial court did not err in denying Tucker's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JUNE 6, 2003.

*Lander & Osborne, Steven B. Mizerak*, for appellant.

*Kenneth W. Mauldin, District Attorney, William M. Overend, Assistant District Attorney*, for appellee.