## A04A0355. CROW v. THE STATE.
### (598 SE2d 824)

RUFFIN, Presiding Judge.

Following a bench trial, the court found Gregory Lee Crow guilty of possessing cocaine, possessing methamphetamine, possessing lysergic acid diethylamide (LSD), and possessing marijuana with intent to distribute. On appeal, Crow challenges the trial court's denial of his motion to suppress. For reasons that follow, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence in a light favorable to upholding the findings and judgment of the trial court.[1] We adopt the trial court's findings on disputed facts and credibility unless clearly erroneous, and we will not disturb the lower court's findings if there is any evidence to support them.[2] Moreover, we consider "all relevant evidence of record, including trial testimony as well as the testimony offered at the suppression hearing."[3]

So viewed, the record demonstrates that in May 2000, a confidential informant told Georgia Bureau of Investigation (GBI) Special Agent Mark McClure that Crow was involved in growing and distributing "a large quantity of marijuana" on a farm in Louisville, Georgia. The informant, who had provided McClure valuable information in the past, said that he had seen Crow store "multiple pounds of marijuana" and had witnessed Crow sell marijuana "on hundreds of occasions since 1995."

---

[1] See *Tucker v. State*, 261 Ga. App. 567 (583 SE2d 233) (2003).
[2] See id.
[3] *Walker v. State*, 262 Ga. App. 872, 873 (586 SE2d 757) (2003).

McClure pulled Crow's criminal history and discovered that he had been arrested on at least eleven occasions and had two drug convictions. McClure also ran a check through federal records and learned that, in 1993, the Drug Enforcement Agency (DEA) had seized $54,000 in marijuana proceeds from Gregory Lee Crow.

According to the informant, each summer, Crow grows marijuana on the farm in "fields which are located behind the house and barn deep in the woods." The informant described the wire fencing surrounding the marijuana fields and watering buckets located on the property and provided photographs of growing marijuana. The informant further told McClure that Crow would harvest the marijuana in August and, upon drying it, transport the crop to a house in Lilburn, Georgia.

In June 2000, the informant once again contacted McClure and reported that he had gone to the farm and had seen "several hundred small seedling plants in the bed of an abandoned non-working truck that was located in the woods behind the house." That month, another agent traveled to the farm and "observed what he described as an old marijuana field located just where the [informant] indicated[,] and he also observed wire fencing, water and fertilizer jugs." On August 17, 2000, on a routine flight patrol, law enforcement officers spotted what appeared to be marijuana plants growing in the field behind the farmhouse. A subsequent foot patrol discovered a recently harvested field that "appeared to have contained as many as 300-400 marijuana plants at one time." Four live marijuana plants remained.

Based upon this information, McClure obtained a warrant on August 21, 2002, to search the Lilburn home from which the marijuana was allegedly distributed. The search yielded over 2,300 grams of marijuana, seven grams of cocaine, eleven grams of methamphetamine, and tablets containing LSD. Crow filed a motion to suppress the evidence seized at the house, which the trial court denied.

1. On appeal, Crow argues that the trial court should have suppressed the evidence because the information upon which McClure relied to obtain the warrant was stale. According to Crow, the tips the informant provided in May and June 2000 did not justify the issuance of a warrant in August 2000. We disagree.

Although time is certainly an element of probable cause that must be considered by the magistrate before issuing a warrant, the precise date information is obtained is not always essential.[4] "Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of

---

[4] See *Hale v. State*, 220 Ga. App. 667, 669 (2) (c) (469 SE2d 871) (1996).

issuance of the search warrant."[5] Where, as here, the alleged criminal enterprise is a continual, large-scale operation, it is reasonable to suppose that the conditions remain notwithstanding the passage of some time between the receipt of the information by law enforcement and the magistrate's issuance of the warrant.[6] And although the informant's tip included conduct occurring as far back as 1995, the informant also indicated in May 2000 that the marijuana operation was ongoing at that time. Moreover, the warrant was issued a mere four days after law enforcement officers saw several marijuana plants growing in a field that appeared to have been recently harvested, which undermines the contention that the information regarding Crow's manufacture of marijuana was stale.[7]

2. Crow also asserts that the evidence should have been suppressed because the informant was not reliable. Apparently, Crow questions the worthiness of the information the confidential informant supplied in the past.

In order for a magistrate to assess the veracity and reliability of an informant, it should consider: "(1) the type of information previously supplied by the informant, (2) the use to which the information was put, and (3) the elapsed time since the information was furnished. And it is not necessary for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis."[8] Here, the informant had previously provided McClure with information that led to the seizure of marijuana and the arrest of several suspects. Under these circumstances, the magistrate had sufficient information to conclude that the informant was reliable.[9]

3. In a related argument, Crow claims that the information provided by the informant was not sufficiently corroborated. However,

corroboration is not uniformly *required* in every case involving a reliable informant. Under a "totality of the circumstances" approach, corroboration simply supplies an alternative "basis for finding probable cause, despite deficiencies in

---

[5] (Punctuation omitted.) Id.

[6] See *White v. State*, 225 Ga. App. 74, 75 (1) (483 SE2d 329) (1997).

[7] See *Duncan v. State,* 213 Ga. App. 394, 395-396 (1) (444 SE2d 583) (1994) (rejecting defendant's claim that information obtained three days before officer executed affidavit in support of search warrant was stale).

[8] (Punctuation omitted.) *Sanders v. State*, 252 Ga. App. 609, 610 (1) (556 SE2d 505) (2001).

[9] See *Jones v. State*, 255 Ga. App. 540-541 (566 SE2d 1) (2002); compare *Elom v. State*, 248 Ga. App. 273, 274-275 (1) (546 SE2d 50) (2001) (where officer lacked personal knowledge of informant's reliability).

the showing of the informant's veracity, reliability, or basis of knowledge."[10]

Here, the record shows that, in the past, the informant provided McClure with information leading to the seizure of marijuana on three different occasions and the arrest of at least four people. Given the informant's past reliability, it was not required that law enforcement verify every aspect of the information provided before the magistrate was authorized to issue a warrant.[11]

Furthermore, law enforcement corroborated, to some extent, the information given by the informant. Significantly, shortly before the magistrate issued the warrant, law enforcement officers found several live marijuana plants in a field located behind the farmhouse that looked as if it had recently been harvested. Thus, we find this argument lacks merit.[12]

4. Crow further argues that the motion to suppress should have been granted because the affidavit in support of the search warrant contained "inaccurate" and "erroneous" information. Specifically, he contends that McClure inaccurately portrayed Crow's criminal history, failed to verify that the DEA seized $54,000 in marijuana proceeds from Crow, and incorrectly informed the magistrate that Crow owned the Lilburn house. We find no merit to these contentions.

An affidavit in support of a search warrant is presumed valid unless the record reveals that: (1) the affidavit contains deliberate falsehoods; (2) the affidavit was made with reckless disregard for the truth; or (3) the affiant consciously omitted material facts that, if included, would have indicated the absence of probable cause.[13]

According to Crow, McClure misled the magistrate by averring that Crow had been arrested eleven times when, in fact, he only had one felony conviction. However, McClure did not state that Crow had 11 convictions, and Crow does not challenge McClure's statement that Crow had been arrested 11 times. Thus, the affidavit was not inaccurate in this regard. Although the better practice may be to provide the magistrate with a conviction rate as well as an arrest record, failure to do so does not mandate reversal.

Similarly, the record does not support Crow's implicit contention that McClure recklessly disregarded the truth as to the DEA seizure of $54,000. McClure testified that he obtained the information through

---

[10] (Emphasis in original.) *Crawford v. State*, 233 Ga. App. 323, 327 (4) (504 SE2d 19) (1998).

[11] See id.

[12] See *Jones v. State of Ga.*, 249 Ga. App. 64, 66-67 (1) (547 SE2d 725) (2001).

[13] See *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698) (1992); *Rush v. State*, 188 Ga. App. 520, 522 (5) (373 SE2d 377) (1988).

checking federal intelligence records and calling the DEA. And information obtained from fellow law enforcement officers generally "is presumed to be reliable as a matter of law."[14]

Moreover, the fact that the warrant incorrectly stated that Crow owned the Lilburn house does not require reversal. The record reveals that the Lilburn house actually was owned by Crow's father. As ownership of the house is largely immaterial to the existence of probable cause, inclusion of this information in the affidavit does not require reversal.[15]

5. Finally, Crow contends that suppression was warranted because the information in the affidavit was illegally obtained when law enforcement officers trespassed on his farm. However, the record clearly reveals that the officers discovered evidence that Crow was growing marijuana in the woods and fields on his property. And Crow has no legitimate expectation of privacy in such areas.[16] It follows that the trial court did not err in denying his motion to suppress.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 8, 2004 —
RECONSIDERATION DENIED APRIL 27, 2004 — 

*Peevy & Lancaster, Donn M. Peevy*, for appellant.
*Daniel J. Porter, District Attorney, James M. Cavin, Assistant District Attorney*, for appellee.

---

[14] *Burgess v. State*, 232 Ga. App. 441, 444 (1) (502 SE2d 303) (1998).

[15] See *Houston v. State*, 242 Ga. App. 114, 116 (1) (527 SE2d 619) (2000).

[16] See *State v. Clark*, 263 Ga. App. 480, 485 (b) (588 SE2d 254) (2003) (Fourth Amendment offers no protection to "unoccupied, undeveloped wood/swamp area outside . . . curtilage"); *Gardner v. State*, 255 Ga. App. 489, 492-493 (1) (566 SE2d 329) (2002).