## A05A0435. COPELAND v. THE STATE.
### (616 SE2d 189)

RUFFIN, Chief Judge.

Derrick Copeland appeals his conviction for possessing cocaine with intent to distribute. He alleges that the trial court erred in (1) denying his motion to suppress evidence obtained from a wrongfully issued and executed search warrant; and (2) convicting him of possession with intent to distribute when there was no evidence of sale or distribution. For the reasons set forth herein, we affirm his conviction.

1. On April 19, 2002, law enforcement officers executed a search warrant at Copeland's residence. In his motion to suppress the evidence seized at his residence, Copeland argued that the warrant was illegally issued and that the seizure was illegal because persons other than Copeland were searched.

(a) In his first enumeration of error, Copeland contends the warrant should not have been issued because it was not supported by probable cause. In deciding whether an affidavit creates sufficient probable cause for the issuance of a warrant,

> the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[1]

Here, the search warrant was issued based on the April 18, 2002 affidavit of Lieutenant Carroll of the Southwest Georgia Drug Task Force. The affidavit contained information from several sources,

---

[1] (Punctuation omitted.) *Land v. State*, 259 Ga. App. 860, 861 (1) (578 SE2d 551) (2003).

including (1) an anonymous caller who stated that Copeland was bringing cocaine from Miami to his residence; (2) a "previously reliable source" who had seen Copeland in possession of a large quantity of crack cocaine; (3) a person with admitted animosity toward Copeland who had seen Copeland in possession of cocaine; and (4) the Cairo police department, which had received reports in the past that Copeland was involved in the sale and distribution of illegal drugs. Copeland contends that these sources were not reliable and that their information was not corroborated.

Where the State seeks to establish probable cause with information from an unidentified source, "the informant's veracity and basis of knowledge are major considerations in the probable cause analysis."[2] Among the factors to be considered by a magistrate in assessing the reliability of information from an unidentified informant are: "(1) the type of information previously supplied by the informant, (2) the use to which the information was put, and (3) the elapsed time since the information was furnished."[3] Each of these factors need not be shown, so long as the magistrate has sufficient information to judge reliability.[4] If an unidentified informant is not shown to be reliable, "his tip may be proved reliable if portions of it are sufficiently corroborated by the police. For the corroboration to be meaningful, the information must include a range of details relating to future actions of third parties not easily predicted or similar information not available to the general public."[5]

Although the information from the anonymous caller, the source with animosity toward Copeland, and the Cairo police department, standing alone, may not have supported a finding of probable cause,[6] this information cannot be viewed in a vacuum. To the contrary, in reviewing the issuance of a warrant, we look to the totality of the circumstances.[7] At the time the warrant was issued, the police also had information from a "previously reliable source," which was sufficient for the magistrate to assess the source's reliability and decide that probable cause existed to issue a search warrant.[8] The affidavit stated that the officer who spoke to the source[9] "believes this

---

[2] (Punctuation omitted.) *Lyons v. State*, 258 Ga. App. 9, 11 (1) (572 SE2d 632) (2002).

[3] (Punctuation omitted.) *Bussey v. State*, 263 Ga. App. 56, 60 (3) (587 SE2d 134) (2003).

[4] See id. at 60-61 (3).

[5] (Footnotes omitted.) *Shivers v. State*, 258 Ga. App. 253, 255 (573 SE2d 494) (2002).

[6] See id. at 254; *Clemons v. State*, 257 Ga. App. 96, 99 (1) (574 SE2d 535) (2002) (anonymous call had no indicia of reliability).

[7] See *Crow v. State*, 267 Ga. App. 188, 190-191 (3) (598 SE2d 824) (2004); *Bain v. State*, 258 Ga. App. 440, 443 (1) (b) (574 SE2d 590) (2002).

[8] See *Jones v. State*, 255 Ga. App. 540, 541 (566 SE2d 1) (2002).

[9] See *York v. State*, 242 Ga. App. 281, 293 (7) (528 SE2d 823) (2000) (" 'Observations by fellow officers of government engaged in a common investigation are a reliable basis for a

Source to be reliable, because within the past month, this same Source has given [the officer] information and assistance on at least one occasion that led to the recovery of a quantity of illegal drugs." The affidavit further stated that the source observed "D" in possession of a large quantity of crack cocaine, which "D" was selling. The source identified "D"'s house, which the officer verified as Copeland's residence. Thus, the magistrate had information about the type of information previously supplied by the informant, the use to which the information was put, and the elapsed time since the information was furnished.[10]

An informant's reliability may be established by showing that the informant has in the past provided information that led to the seizure of contraband.[11] In *Claire v. State*,[12] we held that there was sufficient evidence to establish a source's reliability where the source had seen a substance at the suspect's house, the suspect told the source that the substance was an illegal drug, the source had provided information in the past month leading to seizure of drugs, and the source was able to point out the suspect's home to officers.[13] Similarly, the information contained in Lieutenant Carroll's affidavit was sufficient for the magistrate to find that the source and its information were reliable.[14]

Copeland argues that there was no basis for a finding of probable cause because the information from this source was not corroborated. Corroboration is not necessary, however, where the informant is deemed reliable.[15] Because there was sufficient evidence here for the magistrate to conclude that the source was reliable, corroboration was not required.[16] Moreover, a deficiency in the corroborating evidence may be compensated for by some other indicia of reliability.[17] Here, law enforcement had information from multiple sources that Copeland had cocaine in his house. Although the information from these other sources may not have justified the issuance of a warrant, we see no reason why such information should not be considered by the magistrate in gauging whether, under the totality of the circumstances, probable cause has been established.

---

warrant applied for by one of their number.' ").

[10] See *Bussey*, supra at 60 (3).

[11] See *Reece v. State*, 250 Ga. App. 1, 2-3 (1) (a) (550 SE2d 414) (2001).

[12] 247 Ga. App. 648 (544 SE2d 537) (2001).

[13] See id. at 649.

[14] See id.; *Crow*, supra at 190 (2).

[15] See *Crow*, supra at 190-191 (3); *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999).

[16] See *Sanders v. State*, 252 Ga. App. 609, 612 (1) (556 SE2d 505) (2001).

[17] See *Bain v. State*, 258 Ga. App. 440, 443 (1) (b) (574 SE2d 590) (2002).

Copeland also asserts that the information from the "previously reliable source" was not reliable because it was stale. The source observed cocaine in Copeland's residence on April 9, 2002, but the warrant was not issued until April 18, 2002. While a magistrate must consider time as an element of probable cause when issuing a warrant,[18] "[t]he mere passage of time does not equate with staleness."[19] "Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant."[20]

Copeland argues that there was no reason for Lieutenant Carroll or the magistrate to believe cocaine would still be in the house ten days later. Unlike the case relied upon by Copeland, *Land v. State*,[21] here the affidavit specifically stated the date on which the informant observed Copeland offering drugs for sale at his residence, so that the magistrate had sufficient information to evaluate timeliness.[22] Given the totality of the circumstances, including the fact that the activity alleged was the ongoing sale of drugs, there was sufficient evidence to create a reasonable belief that drugs might still be in Copeland's residence.[23]

(b) Copeland further contends that his motion to suppress should have been granted because the execution of the search warrant violated the law. Specifically, Copeland objects to the fact that other individuals at his residence were "handcuffed, patted down and strip searched." Assuming for the sake of argument that Copeland has standing to challenge the search of third persons,[24] we find no basis for reversal. Copeland cites no authority in support of this enumeration of error, and, thus, we deem it abandoned.[25] We therefore affirm the trial court's denial of Copeland's motion to suppress on this ground.

2. In his final enumeration of error, Copeland challenges the sufficiency of the evidence for his conviction for possession with intent to distribute cocaine. Copeland argues that the 1.5 grams of

---

[18] See *Crow*, supra at 189-190 (1).

[19] *State v. Graddy*, 262 Ga. App. 98, 103 (3) (585 SE2d 147) (2003).

[20] (Citations and punctuation omitted.) *Hale v. State*, 220 Ga. App. 667, 669 (2) (c) (469 SE2d 871) (1996).

[21] Supra at 862-863 (1).

[22] See id.

[23] See *Welch v. State*, 231 Ga. App. 74, 75 (1) (498 SE2d 555) (1998); *State v. Banks*, 185 Ga. App. 760, 763 (365 SE2d 855) (1988); *McLarty v. State*, 238 Ga. App. 27, 28 (1) (516 SE2d 818) (1999).

[24] But see *Scandrett v. State*, 244 Ga. App. 200, 201 (534 SE2d 908) (2000) (right against unreasonable search and seizure is personal and may not be asserted vicariously).

[25] See *Merritt v. State*, 254 Ga. App. 788, 792 (3) (564 SE2d 3) (2002).

cocaine found in his pocket was evidence of simple possession only, and that there was no evidence presented showing he had an intent to distribute the cocaine.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[26] We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions.[27] Viewed in this light, the evidence is that when Copeland was searched, 1.5 grams of cocaine (with a street value of approximately $150) and $230 were found in his pants pocket. An electronic scale, small plastic baggies, and over $2,600 in cash were found in his residence. Lieutenant Carroll testified that he charged Copeland with possession with intent to distribute based on the amount of cocaine in Copeland's pocket, the electronic scale, items containing a white residue, the baggies, and the large amount of cash in multiple denominations.

While the mere possession of cocaine will not support a conviction for possession with intent to distribute,[28] the state may prove possession with intent to distribute by circumstantial evidence.[29] Scales and baggies found at the same residence as drugs are evidence of intent to distribute,[30] as is possession of large amounts and specific denominations of currency.[31] These items were all in evidence in the present case. Lieutenant Carroll's testimony that, in his experience, these items were consistent with the sale of drugs was also competent evidence.[32] The evidence here was sufficient for a rational trier of fact to find Copeland guilty of possession with intent to distribute.[33] Thus, we affirm Copeland's conviction.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005.

*Melvin R. Horne*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[26] See *Marshall v. State*, 270 Ga. App. 663 (607 SE2d 258) (2004).
[27] See id.
[28] See *Talbot v. State*, 261 Ga. App. 12, 13 (1) (581 SE2d 669) (2003).
[29] See *Jackson v. State*, 251 Ga. App. 781, 783 (2) (a) (555 SE2d 136) (2001).
[30] See id.
[31] See *Haywood v. State*, 248 Ga. App. 210, 211-212 (1) (546 SE2d 325) (2001).
[32] See *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002).
[33] See *Wise v. State*, 257 Ga. App. 211, 215 (4) (570 SE2d 656) (2002).